# EXHIBIT 4b

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HIT ENTERTAINMENT, INC., Plaintiff, vs. PARTY ART PRODUCTIONS, INC., PHILLIP HERMAN and ROBERTA HERMAN, Defendants. | No. ______ **COMPLAINT FOR DAMAGES, PROFITS, INJUNCTIVE AND OTHER EQUITABLE RELIEF FOR FEDERAL TRADEMARK AND COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, NEW YORK TRADEMARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, ACCOUNTING AND IMPOUNDMENT** **JURY TRIAL DEMANDED** |

Plaintiff HIT Entertainment, Inc. (hereinafter "HIT"), by its undersigned attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, as and for its Complaint against Defendants Party Art Productions, Phillip Herman and Roberta Herman, alleges as follows:

**NATURE OF THE ACTION**

1. HIT, the owner of the intellectual property rights in and to one of the most beloved children's characters – Bob the Builder™ – brings this action to prevent Defendants from continuing to use knock-off "Bob the Builder" costumes to provide children's entertainment services and from advertising and offering such services using plaintiff's registered marks and copyrights in violation of plaintiff's rights. HIT does not manufacture or license adult-sized costumes because of the inherent danger such costumes can pose to the character's young fans in the hands of unscrupulous adults. HIT, therefore, seeks permanent injunctive relief against Defendants; an accounting of Defendants' business in order to determine plaintiff's damages; and evidence regarding such infringements.

2. Plaintiff seeks relief under the following grounds: trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15.U.S.C. §§ 1114 and 1125; false designation of origin and false descriptions and representations in commerce under Section 43 of the Lanham Act, 15 U.S.C. § 1125; copyright infringement in violation of 17 U.S.C. § 501 *et seq.*; common law unfair competition under New York law; common law trademark infringement under New York law; violation of Section 360-*l* of New York General Business Law; for an accounting; and for impoundment and destruction under both 15 U.S.C. § 1118 and 17 U.S.C. § 503.

**JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over Defendants because they transact business in the State of New York and in this judicial district. In addition, the Court has personal jurisdiction over Defendants because they committed tortious acts within and without the State of New York and this judicial district, pursuant to New York CPLR §§ 301 and 302.

4. This Court has original subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a), as the state claims and the federal claims derive from a common nucleus of operative facts and form part of the same case or controversy.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**THE PARTIES**

6. Plaintiff HIT is a company organized and existing under the laws of the State of Delaware with its principal office and place of business in New York, New York. HIT,

together with its U.S. and U.K. affiliate companies, is a fully integrated studio that produces and distributes worldwide television programming and home entertainment, publishing, and other licensed merchandising depicting many of the most beloved classic children's entertainment properties, including Thomas the Tank Engine™, Bob the Builder™, Barney®, PINGU™ and Angelina Ballerina™.

7. Defendant Party Art Productions ("Party Art") was at all relevant times a corporation duly existing under the laws of New York with its principal office or place of business at 51 Brandt Road, Hillburn, NY 10931. At all relevant times Party Art was engaged in the business of providing party and entertainment services, including children's entertainment services.

8. Upon information and belief, Defendants Phillip Herman and Roberta Herman were at all relevant times Party Art's owners and residents of New York, and are doing business in this judicial district.

PERSONAL LIABILITY OF DEFENDANTS

9. Defendant Phillip Herman, as officer, director and/or principal shareholder of defendant Party Art is individually liable for the infringing activities described herein.

10. Defendant Roberta Herman, as officer, director and/or principal shareholder of defendant Party Art is individually liable for the infringing activities described herein.

11. Upon information and belief, at all relevant times defendant Phillip Herman personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint.

12. Upon information and belief, at all relevant times defendant Roberta Herman personally participated in and/or had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint.

13. Upon information and belief, defendant Phillip Herman derived financial benefits from the infringing activities.

14. Upon information and belief, defendant Roberta Herman derived financial benefits from the infringing activities.

## FACTS

### A. History of and Rights in the Bob the Builder™ Character.

15. By way of agreement between HIT Entertainment Limited and Keith Chapman, creator of the Bob the Builder™ character, HIT Entertainment Limited is the owner of all U.S. trademarks related to the character. Further, HIT Entertainment Limited and Keith Chapman are joint owners of the copyright in the Bob the Builder™ character. HIT Entertainment Limited has licensed to HIT the sole and exclusive right to exploit and distribute the Bob the Builder™ character and property in the U.S.

16. In 1997, HIT Entertainment Limited, through its state-of-the-art, stop-frame animation studio, HOT Animation ("HOT"), began developing a stop-frame animated children's television series based upon the Bob the Builder™ character (the "BTB Series"). More than 150 ten-minute episodes have been produced since then, and production of new episodes continues. Likewise, numerous videotapes and DVD's featuring Bob the Builder™ have been produced for HIT Entertainment Limited by HOT.

17.   In 1998, HIT Entertainment Limited licensed the rights to broadcast the BTB Series to BBC TV. Bob the Builder™ made his broadcast debut in the United Kingdom in April 1998 on the BBC.

18.   The Bob the Builder™ character is identified by a combination of arbitrary and distinct visual elements which make up his overall appearance and design, including, but not limited to, his bright yellow hard hat, his orange and red checkered shirt, his blue overalls, work boots, and his tool belt decked out with lots of tools.  Bob the Builder™ is a spirited and positive character, focusing on solving problems with teamwork and a "can do" attitude.

19.   As a result of the immense popularity and exposure of the BTB Series, and the videotapes, DVD's and books based upon his character, the Bob the Builder™ character is instantly recognized throughout the country by pre-school children and their parents.

20.   Copyright registrations for the BTB Series episodes and for related videotapes, DVD's and books have been secured.

21.   Registrations of several federal trademarks and service marks related to the BTB Series and to the Bob the Builder™ character have been obtained.

22.   The appearance of the Bob the Builder™ character is inherently distinctive and serves to identify HIT as the source of goods and services bearing the character's image.

23.   The Bob the Builder™ character has also acquired distinctiveness through widespread promotion and use.  The character enjoys tremendous success, widespread visibility and goodwill throughout the United States and abroad.

24.    The purchasing public has come to associate the Bob the Builder™ character with HIT as the source of products and services.  The Bob the Builder™ character has also acquired secondary meaning.  Evidence of the existence of such secondary meaning includes, but is not limited to:

a)    the wide recognition by the media of the uniqueness, popularity and excellence of the BTB Series, including the 2003 Children's Animation Award at the SPROCKETS International Film Festival, and the 2003 Children's Award for Best Animation from the British Academy of Film and Television Arts for the first full length feature "A Christmas to Remember";

b)    the numerous positive reviews, nominations and awards received by the BTB Series and by the videotapes and DVD's as quality educational programming for preschoolers, including receipt of the 2005 iParenting Media Award;

c)    the continued high demand for goods and programs embodying the Bob the Builder™ character;

d)    the fact that the BTB Series launched in the United States on Nick Jr. in January 2001, and received the highest rated premiere ever on Nick Jr.;

e)    the BTB Series is viewed on PBS by over 1.4 million households each week;

f)    the more than 130 countries across five continents in which the BTB Series airs and the attendant global following;

g)    the launch of a BTB Series in the United States on PBS Kids in 2005 called: "Bob the Builder – Project: Build It";

h)    the sale of over 11 million videos and DVD's in the United States and Canada, many of which have achieved platinum-selling status, and continued demand for additional video and DVD titles;

i)    the sale of over 17 million books in the U.S. and Canada;

j)    the toys and merchandise related to the BTB Series featured in thousands of toy stores across the country;

k) the immense popularity of HIT's Bob the Builder™ interactive website (www.bobthebuilder.com), which launched in 1999 and which is accessed by hundreds of thousands of American visitors each month;

l) the fact that the Series' theme song, "Can We Fix It? Yes We Can!", released as a single in December 2000, was No. 1 on the United Kingdom singles chart for three weeks and named the best-selling single of 2000, selling over one million copies. ; and

m) the success of a major stage show tour featuring Bob the Builder™, called "Bob the Builder™ LIVE!" which launched in February 2002 and toured throughout the United Kingdom. More than 100,000 people attended the show, with numerous sold out performances. The show was so successful that it was brought to the United States and Canada, where between March and December 2003, it toured 48 cities, playing 175 shows to audiences totaling over 371,000 persons.

**B. Protection of the Bob the Builder™ Character by HIT.**

25. The tremendous success of the BTB Series has brought HIT many prospective licensing suitors from the business world and toy industry. HIT has, with careful circumspection, granted licenses for the manufacture and sale of numerous products featuring its character's trademarks.

26. HIT has built its "brand" establishing tremendous equity in its Bob the Builder™ - related intellectual property by carefully circumscribing and monitoring all related materials and activities to ensure that they are consistent with the character's image. The Bob the Builder™ character does not hype products – he is never shown touching or holding a product in an advertisement and his voice is never used to encourage the purchase of a product. Further, the character's image is not licensed for use in connection with any product inappropriate for their young fans. Stringent safety, quality control and approval standards are imposed upon all licensees of Bob the Builder™ merchandise.

27.    HIT has not licensed the manufacture (other than for its own use), distribution, sale or rental of any costumes for adults depicting the Bob the Builder™ character. Moreover, personal appearances by Bob the Builder™ are carefully choreographed by HIT.

28.    The primary reason for the decision not to license costumes is to preserve and carefully monitor the exposure of the Bob the Builder™ character so that very young children will not be distressed or upset by the unpredictable (and potentially dangerous) conduct of unauthorized impersonators in knock-off costumes trading on the goodwill of the Bob the Builder™ character. In addition, HIT is concerned that the presentations made by such costume licensees would not meet the Bob the Builder™ image standard, appropriate to such enduring classic characters. A real Bob the Builder™ costume costs more than $10,000 to manufacture, and significant training is required for the performer wearing the costume to learn how to do the motions and actions characteristic of the Bob the Builder™ character.

29.    HIT has entered into written license agreements with third parties authorizing the use of its trademarks and copyrighted characters on dozens of products, including stickers, plush dolls, lunch boxes, coloring books, knapsacks, clothing and toys for preschool-aged children. Under each such agreement, HIT has the right to control the nature and quality of goods on which its marks and character are used.

30.    Licensees that manufacture products based upon the Bob the Builder™ character are required to follow strict guidelines regarding the quality of such merchandise. These guidelines reflect HIT's concern about maintaining and advancing the goodwill and business reputation that is has built in products depicting its character.

31.    Each Bob the Builder™ licensee is required to display one or more trademark notices on each product to identify it as a legitimate HIT product.

C. Defendants' Unauthorized Use of Plaintiff's Protected Character and Marks

32. Unfortunately, the popularity and success of this carefully protected property has created a huge market for cheap knock-offs and illicit goods utilizing the name, likeness, trademarks, and copyrights of Bob the Builder™ character owned and licensed by HIT. Each week HIT receives reports of unauthorized goods and services, from novelty key chains and third-rate dolls, to "Bob the Builder" impersonators who provide children's entertainment services and endorse products and businesses.

33. Plaintiff has taken vigorous steps to enforce its intellectual property rights, generally through the procurement of voluntary cessation of infringing activities. Due to the pernicious nature of personal appearances by "Bob the Builder" impersonators, HIT has recently focused considerable effort on children's entertainment service businesses using knock-off "Bob the Builder" costumes.

34. As part of its enforcement efforts, HIT issues demand letters requiring costume and party service companies to cease their infringing activities, to surrender their knock-off costumes, and to identify, in writing, the source of their costumes.

35. As part of its enforcement efforts, HIT became aware of Defendants' infringing activities, specifically using knock-off "Bob the Builder" costumes to provide children's entertainment services and advertising and offering such services using plaintiff's registered marks.

36. HIT's investigation of Defendants revealed that on August 5, 2005 Defendants offered to provide children's entertainment services using knock-off "Bob the Builder" costumes at a rate of $75-$100 and were advertising and offering such services using plaintiff's marks.

37.   Defendants are not authorized licensees or contractors of the Bob the Builder™ character.

38.   The overall appearance of Defendants' putative "Bob the Builder" character costume is substantially similar to the genuine Bob the Builder™ character.

39.   Defendants' "Bob the Builder" character costume is designed and used for live appearances at children's parties and other events and is intended to suggest that the authorized Bob the Builder™ character is appearing.

40.   Defendants' knock-off "Bob the Builder" character costumes are passed off as HIT's authorized product with the intent to deceive and defraud the public and to appropriate plaintiff's exclusive rights in and to the Bob the Builder™ character trademarks.

41.   Defendants' conduct is likely to cause confusion, mistake, or to deceive consumers as to the source and origin of Defendants' knock-off costumes, as well as the sponsorship of live theatrical performances or appearances of the Defendants' putative "Bob the Builder" costumed character.

42.   Defendants' use of "Bob the Builder" knock-off costumes has caused dilution of the distinctive quality of HIT's famous marks and reflects a willful intention to trade on HIT's reputation or to cause dilution of its marks.

43.   Defendants' conduct will have a substantial, adverse impact on HIT's existing and projected interstate business of marketing products and services identified by its registered and unregistered trademarks, service marks, trade dress, and the goodwill of HIT's respective business connected with the use of, and symbolized by, its registered and unregistered trademarks, service marks and trade dress.

44. Defendants further have infringed HIT's registered copyrights by using their unauthorized, knock-off "Bob the Builder" costumes to imitate HIT's copyrighted Bob the Builder™ character.

45. Based upon HIT's investigation, it is clear that Defendants regularly provide children's entertainment services utilizing knock-off costumes to the public, and receive significant revenue from the sale of such services.

46. HIT has suffered, and unless such infringing activities are enjoined, HIT will continue to suffer irreparable harm.

47. For all of the foregoing reasons, it is respectfully requested that the Defendants be temporarily, preliminary and permanently enjoined from using knock-off "Bob the Builder" costumes pending the final resolution of this action.

**COUNT I**
**(Infringement of Trademarks, Service Marks & Trade Dress – Lanham Act, §§ 32 and 43)**

48. HIT repeats each allegation contained in paragraphs 1 through 47 of this Complaint.

49. HIT is the owner of numerous federal trademark and service mark registrations. These registrations were duly and lawfully issued by the United States Patent and Trademark Office and remain in full force and effect.

50. Defendants have intentionally and knowingly copied HIT's distinctive trademarks and trade dress by the use of knock-off "Bob the Builder" costumes in providing children's entertainment services that are similar or identical in appearance to the Bob the Builder™ character.

51.    Defendants' knock-off "Bob the Builder" costume looks like a construction worker, with a smiling face, blue work overalls, a yellow shirt, a utility belt, work boots and a yellow construction hat.

52.    The overall appearance of Defendants' putative "Bob the Builder" character costume is substantially similar or virtually identical to Bob the Builder™ character.

53.    Although HIT does not license the manufacture or distribution of any Bob the Builder™ character adult costumes (except as delineated above), the authorized Bob the Builder™ character regularly appears in live theatrical shows and/or makes select personal appearances before thousands of children.

54.    Defendants' putative "Bob the Builder" character costume is made for use in live appearances targeting children. Defendants' infringing costume is thus presented to children through the same or similar channels in which legitimate Bob the Builder™ character is presented.

55.    Defendants' marketing and use of putative "Bob the Builder" character costumes target preschool children who are Bob the Builder™'s biggest fans and customers.

56.    Defendants, without permission, license, or authority from HIT, designed, manufactured, sold and distributed the putative "Bob the Builder" costume, in violation of HIT's trademarks and copyrights, within this District and throughout the United States.

57.    Prior to the acts of Defendants complained of herein:

a.    HIT exploited its protected character via the production, sale and/or licensing of books, videotapes, DVD's and other products under various trademarks and copyrights, which have enjoyed a deserved favorable reputation of great value;

b.    HIT expended and continues to spend large sums of money to

build, maintain, and extend its reputation;

c.    HIT engaged and continues to engage in interstate activities

designed to promote the products sold and the goodwill associated

with its registered trademarks throughout the United States;

d.    HIT engaged in, and continues to engage in, interstate activities

designed to promote the business and goodwill identified by each

of their registered trademarks, service marks and trade dress in

interstate commerce and to expand the use and reputation of their

trademarks, service marks, trade dress and property in New York

and throughout the United States;

e.    the registered trademarks, service marks and trade dress have been

and continue to be known in numerous states, including New York,

as marks identifying and distinguishing the products and services

of HIT; and

f.    the trademarks, service marks and trade dress relating to the Bob

the Builder® character are inherently distinctive, and have been and

continue to be known throughout the United States, including New

York, as identifying and distinguishing the business of HIT.

58.    Defendants' conduct is likely to cause confusion, cause mistake, or to

deceive consumers as to the source, origin and sponsorship of the live performances and/or

appearances of Defendants' costumed putative "Bob the Builder" character.

59.    Upon information and belief, Defendants' activities have caused actual confusion with consumers as to the source and origin of such costumes.

60.    The acts of Defendants will nullify HIT's right to the exclusive use of its trademarks, service marks and trade dress, free from infringement.

61.    Defendants' activities have had and will continue to have a substantial, adverse effect on HIT's existing and projected future interstate business of marketing products and services identified by its registered trademarks, service marks and trade dress, and the goodwill of HIT's business connected with the use of, and symbolized by, HIT's registered trademarks, service marks and trade dress.

62.    Defendants' activities and conduct constitute infringement of each of HIT's registered trademarks, in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  In addition, Defendants wrongful conduct arises directly out of and is connected to its advertising activities.

63.    HIT has been and continues to be damaged by Defendants' activities and conduct.  Defendants have profited thereby and unless their conduct is enjoined, HIT and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. HIT seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

64.    Defendants have intentionally and knowingly used HIT's trade dress, service marks, and trademarks; accordingly, HIT is entitled to a judgment of three times their damages or Defendants' profits, whichever is greater, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b).

65.    HIT has no adequate remedy at law.

**COUNT II**
**(False Designation of Origin/False Description –Lanham Act § 43(a))**

66. HIT repeats each allegation contained in paragraphs 1 through 65 of this Complaint.

67. HIT has created the Bob the Builder™ character and its trade dress, which is enjoyed by children and their parents throughout the United States.

68. The appearance of the Bob the Builder™ character constitutes inherently distinctive trade dress.

69. HIT has used the Bob the Builder™ character and its distinctive trade dress to provide a secure, friendly, loving feeling for preschool children who have come to believe in Bob the Builder™ as their extraordinary friend.

70. HIT has manufactured, marketed and sold Bob the Builder™ character books, videotapes, DVD's and a variety of other products, and have realized substantial income from such sales.

71. The Bob the Builder™ character and its trade dress are recognized as distinctive and have developed and now possess secondary meaning to viewers of the BTB Series, videotapes and DVD's and the authorized personal and/or theatrical appearances, and to the purchasers of Bob the Builder™ character products.

72. The acts of Defendants constitute false designation of origin, false description and representation, and infringement of HIT's trade dress in and to the Bob the Builder™ character. Specifically, Defendants have used, in connection with the use of knock-off costumes to provide children's entertainment services, a combination of elements that is likely to cause mistake or to deceive consumers as to the affiliation, connection or association of

Defendants with HIT as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

73. Defendants' wrongful conduct arises directly out of and is connected to its advertising activities.

74. HIT has been and continues to be damaged by Defendants' activities and conduct. Defendants have profited thereby and unless enjoined, HIT and its goodwill and reputation will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages. Accordingly, HIT seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

75. HIT has no adequate remedy at law.

**COUNT III**
**(Unfair Competition – Lanham Act, § 43(a)(1)(B))**

76. HIT repeats each allegation contained in paragraphs 1 through 75 of this Complaint.

77. Defendants' conduct constitutes an attempt to pass off and palm off their own products as the products of HIT and its licensees with the intent to deceive and defraud the public and appropriate to itself HIT's exclusive rights in and to the Bob the Builder™ character trademarks. Such acts constitute acts of unfair competition against HIT under 15 U.S.C. § 1125(a)(1)(B).

78. Defendants' wrongful conduct arises directly out of and is connected to its advertising activities.

79. HIT has been and continues to be damaged by Defendants' activities and conduct. Accordingly, HIT is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

80. Unless Defendants' conduct is enjoined, HIT and its goodwill and reputation will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages. Accordingly, HIT seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

81. HIT has no adequate remedy at law.

**COUNT IV**
**(Infringement of Copyright – Copyright Act, 17 U.S.C. § 501 et seq.)**

82. HIT repeats each allegation contained in paragraphs 1 through 81 of this Complaint.

83. HIT is the copyright claimant of numerous federal copyright registrations in episodes of the BTB Series, as well as other videotapes, DVD's, books and other media products, lists of which are incorporated by reference and attached hereto. These registrations were duly and lawfully issued by the Copyright Office and remain in full force and effect.

84. The Bob the Builder™ character is the subject of copyright protection.

85. HIT has published its copyrighted works in strict compliance with the provisions of the Copyright Act and all other laws governing copyright, and the images depicted therein, including Bob the Builder™, have been manufactured and distributed under HIT's authority.

86. HIT has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in its respective works.

87. Defendants have infringed the copyrights in the above-entitled works and in the Bob the Builder™ character contained therein by copying, distributing and offering children's entertainment services featuring knock-off costumes depicting images substantially similar to the copyrighted elements of the works in violation of the Copyright Act.

88. Based on Defendants' activities, HIT reasonably believes that Defendants intend to continue providing children's entertainment services using their putative "Bob the Builder" character costumes, and advertising and offering such services.

89. Defendants' wrongful conduct arises directly out of and is connected to its advertising activities.

90. HIT has been and continues to be damaged by Defendants' activities and conduct. Defendants have profited thereby and unless their conduct is enjoined, HIT and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, HIT seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

91. Based on Defendants' activities, Defendants are liable directly, vicariously and/or as contributory infringers for copyright infringement of HIT's registered Bob the Builder™ copyrights.

92. HIT is entitled to recover damages, which include its actual losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, HIT is entitled to statutory damages under 17 U.S.C. § 504(c).

93. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

94. Furthermore, HIT is entitled to recover of its full costs, including reasonable attorneys fees pursuant to 17 U.S.C. § 505.

**COUNT V**
**(Common Law Unfair Competition)**

95. HIT repeats each and every allegation contained in paragraphs 1 through 94 of this Complaint.

96.    Defendants' actions as described above have been undertaken with the intention of benefiting from and profiting upon the name and associated good will connected with the Bob the Builder™ character. This goal is accomplished by Defendants' use of the name and trademarks, costumes and accompanying trade dress owned by HIT.

97.    The use of the name and trademarks, costumes and accompanying trade dress owned by HIT is intended to and unless restrained by this Court will lead and tends to lead the public to believe that there is a connection or association between Defendants and HIT, when in truth and in fact there is none.

98.    Upon information and belief, Defendants have made and unless enjoined, will continue to make considerable profit as the direct result of their above described actions, which were undertaken in wanton, willful and reckless disregard of HIT's rights.

99.    Defendants' actions as above described injure HIT's reputation and goodwill and expressly mislead the public by falsely imputing a connection or relationship between Defendants' inferior products and services and HIT, will cause HIT to suffer financially, and constitute unfair competition in derogation of the common law of the State of New York.

100.    By reason of the above described acts, Defendants have engaged in unfair competition under and pursuant to the laws of the State of New York and have caused HIT damage as a direct and proximate result in an amount presently unknown and to be determined at trial.

101.    Defendants have profited thereby and unless their conduct is enjoined, HIT and its goodwill, business reputation and the distinctive quality of HIT's trademarks, service

marks, trade dress and copyrights will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

**COUNT VI**
**(Common Law Trademark Infringement)**

102. HIT repeats each and every allegation contained in paragraphs 1 through 101 of this Complaint.

103. HIT's claims arise under New York common law.

104. Defendants have used their substantially similar or virtually identical "Bob the Builder" costumed character in performances offered to consumers in New York State, and have thus infringed on HIT's exclusive common law trademark rights.

105. Such conduct is likely to cause confusion, deception and mistake in the minds of members of the public with respect to the origin, source and affiliation of Defendants.

106. HIT has been and continues to be damaged by Defendants' activities and conduct. Defendants have profited thereby and unless their conduct is enjoined, HIT and its goodwill, business reputation and the distinctive quality of HIT's trademarks, service marks and trade dress will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

107. HIT has no adequate remedy at law.

**COUNT VII**
**(Violation of Section 360-*l* of the New York General Business Law)**

108. HIT repeats each and every allegation contained in paragraphs 1 through 107 of this Complaint.

109. The Bob the Builder™ character is distinctive and has acquired secondary meaning in the marketplace.

110. Defendants' acts as described above are likely to dilute, have diluted and, unless enjoined, will continue to dilute the unique and distinctive quality of HIT's trademarks in the Bob the Builder™ character.

111. Specifically, Defendants' use of marks substantially similar or virtually identical to the Bob the Builder™ character in conjunction with the offering and provision of children's entertainment services blur and dilute HIT's trademarks in the Bob the Builder™ character as unique identifiers of HIT's television programs, movies, DVD's, books, and other media products featuring the Bob the Builder™ character.

112. Alternatively, the shoddy quality of Defendants' putative "Bob the Builder" costume that Defendants use in providing children's entertainment services tarnish and dilute HIT's trademarks as the purchasing public will associate the lack of quality of Defendants' costume with HIT.

113. Defendants' conduct violates Section 360-*l* of the New York General Business Law.

114. As a direct and proximate result of Defendants' willful and wanton acts and conduct, HIT's reputation and good will have been damaged.

115. Defendants' acts and conduct is causing irreparable injury to HIT and to its reputations and good will, and will continue to do so unless enjoined by this Court.

116. HIT has no adequate remedy at law.

**COUNT VIII**
**(Claim for Accounting)**

117. HIT repeats each allegation contained in paragraphs 1 through 116 of this Complaint.

118. As a result of Defendants' conduct, HIT has been monetarily damaged in an amount that cannot yet be determined.

119. HIT requires an accounting of Defendants' business in order to determine the precise amount of damages resulting from Defendants' conduct.

**COUNT IX**
**(Impoundment and Destruction – Lanham Act, § 36; Copyright Act 17 U.S.C. § 503)**

120. HIT repeats each allegation contained in paragraphs 1 through 119 of this Complaint.

121. Based on Defendants' activities, HIT reasonably believes that Defendants continue to possess, advertise and provide children's entertainment services using infringing "Bob the Builder" costumes. HIT requests that Defendants be required to retrieve any and all infringing costumes previously created, distributed and displayed, and to provide HIT with details concerning from where Defendants obtained such costumes.

122. HIT seeks the impoundment and destruction of all infringing costumes pursuant to applicable law, including but not limited to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

WHEREFORE, HIT prays for the following relief:

1. That Defendants, and their respective agents, servants, employees, contractors and all persons, firms, corporations or entities acting under their direction, authority or control, and all persons acting in concert with any of them, be enjoined temporarily, preliminarily and permanently from offering, advertising and providing entertainment services using Defendants' putative "Bob the Builder" costumes and from infringing or contributing to or participating in the infringement by others of HIT's copyrights, trademarks, service marks and trade dress;

2.   That Defendants, and their respective agents, servants, employees, contractors and all persons, firms, corporations or entities acting under their direction, authority or control, and all persons acting in concert with any of them, be enjoined temporarily, preliminarily and permanently from offering, advertising, and providing entertainment services using Defendants' putative "Bob the Builder" costumes and from creating imitations of the authorized Bob the Builder™ character in any manner for the purpose of acquiring, benefiting from, or trading on HIT's commercial reputation, success, and goodwill;

3.   That Defendants be required to account for HIT's losses and Defendants' profits as derived from the advertising, offering, and providing entertainment services using Defendants' putative "Bob the Builder" costumes and be ordered to pay statutory damages for harm sustained by HIT for willful copyright infringement in an amount of not less than $150,000 per infringement;

4.   That HIT be awarded damages in an amount to be determined at trial in connection with Defendants' acts of trademark infringement, unfair competition, and dilution of HIT's trademark and trade dress;

5.   That all infringing "Bob the Builder" costumes be seized, impounded and destroyed;

6.   That Defendants be ordered to pay HIT's costs incurred herein, including reasonable attorney's fees;

7. That trebling of damages be ascertained for all damages assessed herein above;

8. That exemplary and punitive damages be awarded; and

9. That such other and further relief be awarded to HIT which this Court deems just, proper, and equitable.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all issues so triable.

DATED: ____________, 2006

By:______________________________
Ralph J. Sutton (RS-5825)
Matthew A. Kaplan (MK-5669)

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474

Attorneys for Plaintiff
HIT ENTERTAINMENT INC.

********** Print Completed **********                                   132GKT

Time of Request: Tuesday, November 06, 2007  17:01:13 EST

Print Number:     1841:58070074
Number of Lines: 180
Number of Pages: 5

Send To:  INGBER, MARK
          MARK INGBER
          181 MILLBURN AVE STE 202
          MILLBURN, NJ 07041-1811

NOV-07-2007(WED) 00:45 LOMBARDI/INGBER LAWFIRM (FAX)9739210021 P. 003
MercuryNews.com | 07/25/2006 | No clowning around in threatened lawsuit 07/27/2006 01:37 PM

SUBSCRIBE TODAY
Subscriber Services

The Mercury News
MercuryNews.com

Current: 72°
84° / 62°
Complete Forecast
Want to save time and money?

DOWNLOAD

Search Recent News Archives Web for Go
Welcome Guest
Sign Up | Sign In | Member Benefits

Jobs
Cars
Real Estate
Apartments
Local Shopping
All Classifieds
• Create an Ad
• Find an Ad
• Pets
Dating

News
• Education
• Obituaries
• Health / Science
Opinion
• Columnists
Business
• Technology
Sports
Entertainment
• Events
Life & Style
• T
Special Reports

ONLINE EXTRAS
Newspaper Ads Online
Blogs
Podcasts
Photo / Video
RSS Feeds
Discussion Boards
Traffic Reports
Weather
Most articles
Newsletters
Coupons
Today's Front Page

SITE SERVICES
Maps & Directions
Yellow Pages
Contact Us
Feedback
Site Map
FAQ
Advertise
Print Services
Mercury News Jobs
Photos
Ethics Policy

Back to Home >
Thursday, Jul 27, 2006
News

Posted on Tue, Jul. 25, 2006 email this print this reprint or license this

# No clowning around in threatened lawsuit

## ACTION AIMED AT CHARACTERS LIKE BARNEY

By Linda Goldston
Mercury News

Happy the Clown is sad -- and looking for a good attorney.

A New York law firm is threatening to sue Happy and other clowns if they don't stop dressing as purple dinosaurs or red dogs in their shows at children's birthday parties. Those characters, the firm alleges, are too much like Barney and Clifford the Dog.

And no more Mr. Conductor or Bob the Builder look-alikes either.

"I was crying," said Sari Mitchell, the person behind Happy-the-Clown, who's also president of Most Unique Parties & Ponies, based in Boulder Creek. "One clown threatened suicide but we talked him out of it."

Thu Hoang Ly / Mercury News

Clown Sari Mitchell is based in Santa Cruz County.

• UPDATE | Clowns: Send in the lawyers

Now Happy and other clowns are worried about what Bay Area children will think when they find out they can't invite the characters to their birthday parties.

"We're put in a very tough spot," said Robin Fife, president of All Star Showgrams, based in Foster City. "Parents don't always want to hire a clown or a pirate. They want to please their children."

Happy's smile -- and those of at least a dozen other Bay Area clowns -- started to crack in the last week when they received letters from Cowan, DeBaets, Abrahams & Sheppard LLP, a Madison Avenue firm that represents the owners of the rights to Bob the Builder, Thomas the Tank Engine and Clifford.

"Plaintiffs will not tolerate costume infringement," says the letter. "In view of your infringing conduct, plaintiffs have instructed this law firm to file suit against you and your business."

To settle without going to court, the letter says the clowns should stop using the costumes, surrender them, pay $100,000 and sign an agreement never to use the characters again. The firm says its clients could be awarded damages of up to $150,000 per character if it wins a court case.

$145,000 Mortgage for Under $484/Month
Click Your State
Massachusetts
Click Your Rate
3.00% - 3.99%

PO Box 198
Brookdale Ca, 95007

831-3389130
Sari@mostunique.com
Santiago
Magic
831-239-9862
KIDS Party Bakery

EXHIBIT E

//www.mercurynews.com/mld/mercurynews/15116297.htm
Page 1 of 3

SiliconValley.com
[illegible] y ads from th[illegible] ...cury News
Sales and specials from local stores
E-mail Alerts !
Featured Advertisers:
Fry's
Gold's Gym
Macy's
Click to see all ads
Freelance Authors Legal Settlement
Attention Freelance Writers: ...
Click for Copyright Class Action Settlement Info

Calls to the law firm and its "Costume Litigation Hotline" were not returned Friday.

J. Holmes Armstead, a lecturer at Stanford Law School,/ who was asked to review the letters for several of the clowns. "This is going to have a chilling effect on children's birthday parties in the San Jose area," he said.

Not to mention the small "mom and pop" clown companies themselves.

"Those little kiddie shows typically make a hundred bucks a show," said Armstead, who practiced law in Chicago for many years. "These are not folks who are capable of going into San Francisco and hiring a 100-person law firm to represent them."

A couple of the clowns said they became suspicious within the last year when they started receiving e-mail from agents asking what characters they performed at parties.

"It's just unfortunate," Fife said. "We don't make that much money. We've managed to survive, that's it."

Fife and others said the problem emerged when such television characters as Barney, Clifford and Bob the Builder became huge hits with children. That's who the parents asked for when they called about entertainment for their children's birthday parties -- and that's all they would settle for.

"From now on, when people call for Thomas the train engine, I have to say we have a man and a woman who dress as a train engine, but they have absolutely nothing to do with Thomas the train," Fife said. "Parents might hang up but I'll have to take that chance."

Nina Dees, who performs as Twinkle Dee Star and is the director for five western states for the World Clown Association, said she had not received a letter, but thinks the lawyers and the owners of the rights to the characters are overreacting.

"If anyone tries to satisfy public demand by imitating a character, it's not because they're trying to shortchange anybody," she said. "Most clowns do this pretty much out of the goodness of their hearts."

For Happy, the future is a puzzle.

No more costumed characters, "not even princesses. I created a giant life-size puzzle and I'm going to focus on that. It's a game with a slightly educational aspect but still fun, fun, fun."

*Contact Linda Goldston at lgoldston@mercury or (408) 920-5862.*

*The Mercury News is pleased to let readers post comments about an article at the end of the article. Please increase the credibility of your post by including your full name and city when commenting.*

Recent Comments

- Now I don't know much about anything but this is just sad. Don't...
- The fact remains that the owners of the Barney character do not...
- I will write this in Chinese for an article sent to BBC.
- I am writing this into my Letter from America in Chinese for BBC....
- WOW! I remember about 10 years ago or so The Lyonns Group attempted...

»Read More

Post Your Comment

Name: [ ] (Submit Your Comment)

GET HOME DELIVERY OF THE MERCURY NEWS GO>

go our stories in media

spoke to Sari 8/24/07

McManus Faulkner & Morgan

FRONT PAGE MERCURY NEWS

Matt Schecter 408-279-8700

NOV-07-2007(WED) 00:46 LOMBARDI/INGBER LAWFIRM (FAX)9159210021 P.005
MercuryNews.com | 07/25/2006 | No clowning around in threatened lawsuit 07/27/2006 01:37 PM

Ads by Google

Clown Ringtones
Available Now And For Free, Send It To Your Cell Phone Now!
www.free-ringtones-now.net

Clown Ringtones
14 Clown Ringtones available, 100% Free!
www.free-ringtones-4u.net

Ecofin SRL
Ecofingroup: consulenza giuridico fiscale aziendale internazionale
www.ecofingroup.com

REAL Cities

Visit other Real Cities sites

About The Mercury News | Mercury News Jobs | About the Real Cities Network | Terms of Use & Privacy Statement | Copyright | RSS Feeds

://www.mercurynews.com/mld/mercurynews/15116297.htm Page 3 of 3



METRO

News Bureau (718) 822-1174 Fax (718) 822-1562

# Bogus Bob, bad Barney out of toon in new suit

BY JOHN MARZULLI
DAILY NEWS STAFF WRITER

BOB THE Builder, Thomas the Tank Engine and Barney are fighting back against knockoff characters who impersonate them at children's parties.

The companies that control the rights to those beloved characters have filed federal lawsuits against nearly three dozen businesses in Long Island, Brooklyn, Queens and Staten Island which have been offering the services of these costumed impostors, according to a complaint filed in Brooklyn Federal Court.

Hugh Wunderman, the owner of Gala Creative Group in Merrick, L.I., who is named as a defendant in the suit, claims he was entrapped in a "sting" operation launched last year by the handlers of the cartoon characters.

The real Barney the dino.

"I got a call from a guy saying he was doing a kid's party and he asked, I think, for Dora (the Explorer), Clifford the Big Red Dog" and others, Wunderman told the Daily News.

"I explained to the person on the phone that they were licensed characters and we don't deal in them [and] I might be able to get them similar characters that the kids wouldn't know the difference," Wunderman said. "So you get a big red dog, but it's not like Clifford."

Later, Wunderman was contacted by a company representative who demanded a $100,000 settlement to avoid a lawsuit, but he refused the offer.

"I've done no infraction of their trademarked characters," Wunderman said.

The defendants include Kuddles the Clown of Whitestone, Queens; Party Kingdom in Elmont, L.I.; Costume Connection in Hampton Bays, L.I.; Yulik's Magic Circus on Shore Parkway in Brooklyn and Tony's Costume Characters in Staten Island. The suit charges the knockoffs are passed off as the real thing "to deceive and defraud the public."

A spokesman for HIT Entertainment, the licensee for Bob the Builder, said in a statement: "In order to maintain those standards of safety and quality, we work to protect our brands against companies and individuals who infringe on our trademarks."

jmarzulli@nydailynews.com

Contro

parade

EXHIBIT F

·rom: Matthew Kaplan
'o: 'Mark Ingber'
;ent: Friday, September 07, 2007 3:03 PM
;ubject: RE: Lyons, et al v. Party Art Prods. et al

:C' 'DENTIAL SETTLEMENT COMMUNICATION
'RIv.LEGED PURSUANT TO FRE 408

)ear Mark:

\s we discussed, attached is a stipulation extending your clients' time to answer or respond to the complaint by 30 lays.

also enclose, on a confidential basis, the e-mail that your client Roberta Herman sent to our investigator in which he offered to provide our investigator with children's entertainment services using a counterfeit "Bob the Builder" ostume and included a picture of the infringing costume.

'lease call me if you have any questions.

:egards,
/latt

latthew A. Kaplan
:OWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
1 Madison Avenue, 34th Floor | New York, NY 10010
: +1 212.974.7474 | F: +1 212.974.8474
ikaplan@cdas.com | www.cdas.com

rom: Mark Ingber [mailto:ingber.law@verizon.net]
ent: Friday, September 07, 2007 9:57 AM
o: mkaplan@cdas.com
ubject: Lyons, et al v. Party Art Prods. et al

i Matt, just following up on our conversation yesterday. I'm waiting to receive the Stipulation and August 2005 emails and orrespondence. Please advise asap.

egards,

lark J. Ingber, Esq.
gber & Geiber, LLP
ww.Ingberiplawyer.com

31 Millburn Avenue, Suite 202
illburn, New Jersey 07041
73) 921-0080
gber.law@verizon.net

HE INFORMATION CONTAINED IN THIS TRANSMISSION
; ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION
ITENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
NTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE
NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
NY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
OMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
E( /ED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY
S IMMEDIATELY BY TELEPHONE SO THAT WE CAN
RRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS
O US AT NO COST TO YOU.

EXHIBIT G

Mark Ingber

Fro "Mark Ingber" <ingber.law@verizon.net>
To: "Matthew Kaplan" <mkaplan@cdas.com>
Sent: Friday, September 07, 2007 4:30 PM
Attach: SCAN0934_000.pdf
Subject: Re: Lyons, et al v. Party Art Prods, et al

ONFIDENTIAL SETTLEMENT COMMUNICATION
RIVILEGED PURSUANT TO FRE 408

att, see attached executed Stipulation. My client did not solicit this "offer", she was eviously contacted and/or entrapped by one of your investigators. She believes that ere are additional emails from "SuperNina624" and notations made by her. We ask that u promptly produce this as well pursuant to Fed Rule Civ. 26.

egards,

ark J. Ingber, Esq.
gber & Gelber, LLP
ww.ingberiplawyer.com

1 Millburn Avenue, Suite 202
il rn, New Jersey 07041
73) 921-0080
gber.law@verizon.net

E INFORMATION CONTAINED IN THIS TRANSMISSION
ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION
TENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
TITY NAMED ABOVE. IF THE READER OF THIS MESSAGE
NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
Y DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
MMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
CEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY
IMMEDIATELY BY TELEPHONE SO THAT WE CAN
RANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS
US AT NO COST TO YOU.

EXHIBIT H

NOV-07-2007(WED) 00:48 LOMBARDI/INGBER LAWFIRM (FAX)9739210021 P.005

Re: Oct 9th Clifford/Bob the Builder

Page 1 of 1

This message has been scanned for known viruses.

From: PartyArtProduct
To: SuperNina624
Subject: Re: Oct 9th Clifford/Bob the Builder
Date: Thu, 11 Aug 2005 2:38:36 AM Eastern Daylight Time
Files: 018constructionman.jpg (91K)

here's one photo, I will try to send more.

Attached Image: 018constructionman.jpg

EXHIBIT J

http://m01.webmail.aol.com/display-message.aspx 8/15/2005

**Mark Ingber**

**From:** "Mark Ingber" <ingber.law@verizon.net>
**To:** "matthew Kaplan" <mkaplan@cdas.com>
**Sent:** Monday, September 24, 2007 5:24 PM
**Subject:** Lyons, et al v. The Magic Agency et al

Matt, pursuant to our conversation on Thursday September 20, 2007, this confirms that we are again requesting that you produce additional emails from "Sarena Horowitz" and notations made by her pursuant to Fed Rule Civ. 26. This also confirms that you have advised that at the time of the communications with my client in August 2005, "Sarena Horowitz" was an employee of your Law Firm COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP.

We look forward to hearing from you shortly in this regard.

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

EXHIBIT K

**Mark Ingber**

**From:** "Mark Ingber" <ingber.law@verizon.net>
**To:** "matthew Kaplan" <mkaplan@cdas.com>
**Sent:** Monday, September 24, 2007 5:20 PM
**Attach:** SCAN0934_000.pdf
**Subject:** Lyons, et al v. Party Art Prods. et al

Matt, pursuant to our conversation on Thursday September 20, 2007, this confirms that we are again requesting that you produce additional emails from "SuperNina624" and notations made by her pursuant to Fed Rule Civ. 26. This also confirms that you have advised that at the time of the communications with my client in August 2005, "SuperNina624" was an employee of your Law Firm COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP.

We look forward to hearing from you shortly in this regard.

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

----- Original Message -----
**From:** Mark Ingber
**To:** Matthew Kaplan
**Sent:** Wednesday, September 12, 2007 3:32 PM
**Subject:** Lyons, et al v. Party Art Prods. et al

**9/12/07 REMINDER**

----- Original Message -----
**From:** Mark Ingber
**To:** Matthew Kaplan
**Sent:** Friday, September 07, 2007 4:30 PM
**Subject:** Re: Lyons, et al v. Party Art Prods. et al

EXHIBIT L

CONFIDENTIAL SETTLEMENT COMMUNICATION
PRIVILEGED PURSUANT TO FRE 408

Matt, see attached executed Stipulation. My client did not solicit this "offer", she was obviously contacted and/or entrapped by one of your investigators. **She believes that there are additional emails from "SuperNina624" and notations made by her. We ask that you promptly produce this as well pursuant to Fed Rule Civ. 26.**

Regards,

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

----- Original Message -----
**From:** Matthew Kaplan
**To:** 'Mark Ingber'
**Sent:** Friday, September 07, 2007 3:03 PM
**Subject:** RE: Lyons, et al v. Party Art Prods. et al

CONFIDENTIAL SETTLEMENT COMMUNICATION
PRIVILEGED PURSUANT TO FRE 408

Dear Mark:

As we discussed, attached is a stipulation extending your clients' time to answer or respond to the complaint by 30 days.

I also enclose, on a confidential basis, the e-mail that your client Roberta Herman sent to our investigator in which she offered to provide our investigator with children's entertainment services using a counterfeit "Bob the Builder" costume and included a picture of the infringing costume.

Please call me if you have any questions.

Regards,
Matt

Matthew A. Kaplan
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

41 Madison Avenue, 34th Floor | New York, NY 10010
T: +1 212.974.7474 | F: +1 212.974.8474
mkaplan@cdas.com | www.cdas.com

**From:** Mark Ingber [mailto:ingber.law@verizon.net]
**Sent:** Friday, September 07, 2007 9:57 AM
**To:** mkaplan@cdas.com
**Subject:** Lyons, et al v. Party Art Prods. et al

Hi Matt, just following up on our conversation yesterday. I'm waiting to receive the Stipulation and August 2005 emails and correspondence. Please advise asap.

Regards,

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION
IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION
INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE
IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY
US IMMEDIATELY BY TELEPHONE SO THAT WE CAN
ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS
TO US AT NO COST TO YOU.



sarena.horowitz@gmail.com | New features! | Settings | Help | Sign

Search Mail | Search the Web | Show search opti | Create a filter

Compose Mail

Inbox (2)
Starred
Sent Mail
Drafts
All Mail
Spam (20)
Trash

Contacts

Labels
Edit labels

Invite a friend
Give Gmail to:

Send Invite 50 left
preview invite

« Back to Inbox | Archive | Report Spam | More Actions ...

« Newer 21 of 50 Older »

## 4 year old birthday Inbox

Shelley Carroll <magicagency@ More options Aug 2

Hi Sarena,
Here is info for end of Sept event (weekend date) from 3 to 5pm in Woodmiere, NY. 15 to 20 4 year olds.

My vendor will not send out pics of the costumes due to the licensing issue. All I can say is that they are in beautiful condition.

2 people team for 45 minutes: 1 costume character with photographer to include meet and greet, photo op (we provide camera, Polaroid film and card board frame for the pictures, coloring sheet that the kids color in. At end of 45 minutes the character gives out lollypops to all the children.
FEE for above $275

List of costume avail:
Barney: It is a nice purple color
Blues Clues
Elmo
Mickey
Minnie
Buss Lightyear
Woody
Red and yellow Teletubby

Barney and Blues Clues are great. We have used them for Morgan Stanley, Daiwa Securities, Bear Sterns, etc.

Let me know of your decision.

Thank you for considering Magic Agency for your event.

Shelley Carroll

Shelley Carroll
magicagency@pipeline.com
Magic Agency Inc.
351 East 84th Street
Suite 15A

EXHIBIT M

Compose Mail
Inbox (2)
Starred
Sent Mail
Drafts
All Mail
Spam (20)
Trash

Contacts

Labels
Edit labels

Invite a friend
Give Gmail to:

Send Invite 50 left
preview invite

NY, NY, 10028
Office (212)-288-9133
Fax (212)-535-5727
Cell (646)-522-4954

Reply Forward Invite Shelley to Gmail

« Back to Inbox Archive Report Spam More Actions ...

‹ Newer 21 of 50 Older ›

Search accurately with operators including from: to: subject:.

You are currently using 175 MB (7%) of your 2487 MB.

Gmail view: standard | basic HTML Learn more

Terms of Use - Privacy Policy - Program Policies - Google Home
©2005 Google

**Mark Ingber**

**From:** "Mark Ingber" <ingber.law@verizon.net>
**To:** "Matthew Kaplan" <mkaplan@cdas.com>
**Sent:** Tuesday, September 25, 2007 8:01 AM
**Subject:** Lyons, et al v. Party Art Prods. et al

Matt, pursuant to the Order for Conference and Rule, we need you to promptly provide us full disclosure on your employee "SUPERNINA624", including but not limited to the name, address, job description of "SUPERNINA624" and all of the individuals involved in "her" hiring, termination; the instructors and instructions given to "her" in connection with the August 2005 communications with our client; any notes, communications concerning these August 2005 communications including those before and after such communications. We look forward to hearing from you shortly.

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

EXHIBIT N

**Mark Ingber**

From: "Mark Ingber" <ingber.law@verizon.net>
To: "Matthew Kaplan" <mkaplan@cdas.com>
Sent: Tuesday, September 25, 2007 8:03 AM
Subject: Lyons, et al v. The Magic Agency et al

Matt, pursuant to the Order for Conference and Rule, we need you to promptly provide us full disclosure on your employee "Sarena Horowitz" including but not limited to the name, address, job description of "Sarena Horowitz" and all of the individuals involved in "her" hiring, termination; the instructors and instructions given to "her" in connection with the August 2005 communications with our client; any notes, communications concerning these August 2005 communications including those before and after such communications. We look forward to hearing from you shortly.

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.Ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
Ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE S NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

EXHIBIT O

**Mark Ingber**

**From:** "Matthew Kaplan" <mkaplan@cdas.com>
**To:** "Mark Ingber" <ingber.law@verizon.net>
**Sent:** Thursday, October 18, 2007 9:21 AM
**Attach:** Party Art Sting Form.pdf
**Subject:** RE: Lyons v. Party Art Productions - Sting Form and Availability for Rule 26 Conference

Mark:

Sorry about that – here it is.

Regards,

Matthew A. Kaplan
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor | New York, NY 10010
T +1 212.974.7474 | F +1 212.974.8474
mkaplan@cdas.com | www.cdas.com

**From:** Mark Ingber [mailto:ingber.law@verizon.net]
**Sent:** Thursday, October 18, 2007 9:14 AM
**To:** Matthew Kaplan
**Subject:** Re: Lyons v. Party Art Productions - Sting Form and Availability for Rule 26 Conference

Matt, there was nothing attached.
Regards,

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

----- Original Message -----
**From:** Matthew Kaplan
**To:** 'Mark Ingber'
**Sent:** Wednesday, October 17, 2007 8:17 PM

EXHIBIT P

Subject: Lyons v. Party Art Productions - Sting Form and Availability for Rule 26 Conference

CONFIDENTIAL SETTLEMENT COMMUNICATION
PRIVILEGED PURSUANT TO FRE 408

Mark:

Following on our prior discussion, attached is our investigator's sting form.

In anticipation of the November 9, 2007 Initial Conference, please let me know of your availability over the next few days for a Rule 26 conference to discuss discovery issues.

Regards,
Matt

Matthew A. Kaplan
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor | New York, NY 10010
T: +1 212.974.7474 | F: +1 212.974.8474
mkaplan@cdas.com | www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the recipient(s) indicated and may also be privileged. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail at cdas@cdas.com. ***

TELEPHONE STING FORM

STATUS
Hit ☐
Used to ☐
Non-Hit ☐
Call Back ☐

Characters
Barney & Friends ☐
Wiggles & Friends ☐
Bob the Builder ☑
Clifford ☑

REFERRAL: ☐ Yes ☐ No

**Date of Call:** 8/5/05

**Name:** Party Art Productions

**Address:** 51 Brandt Rd
Hillburn NY 10931

**Phone:** 845-357-3318

**URL:**

**Person You Spoke To:** Roberta

**Summary of Conversation:** Bob the Builder and Clifford

Trying to get a photograph… she is also working on referrals.
~mostly 5 yr olds
~20-30 kids

**Number of Costumes?** n/a

**Does the Business:** RENT? ____ PERFORM? ____ BOTH? ____ NEITHER? ____

**Prices:** $75-$100

**Caller:** Nina Sherman

**Mark Ingber**

From: "Matthew Kaplan" <mkaplan@cdas.com>
To: "'Mark Ingber'" <ingber.law@verizon.net>
Sent: Wednesday, October 17, 2007 8:17 PM
Attach: Magic Agency email and sting forms.pdf
Subject: Lyons v. Magic Agency - Materials and Availability for Rule 26 conference

CONFIDENTIAL SETTLEMENT COMMUNICATION
PRIVILEGED PURSUANT TO FRE 408

Dear Mark:

Following on our prior discussion, attached is the e-mail between our investigator and your client and the sting forms.

In anticipation of the November 9, 2007 Initial Conference, please let me know of your availability over the next few days for a Rule 26 conference to discuss discovery issues.

Regards,
Matt

Matthew A. Kaplan
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor | New York NY 10010
T: +1 212 974 7474 | F: +1 212.974 8474
mkaplan@cdas.com | www.cdas.com

** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the recipient(s) indicated and may also be privileged. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail at cdas@cdas.com. ****

EXHIBIT Q

  

sarena.horowitz@gmail.com | New features! | Settings | Help | Sign

Search Mail | Search the Web | Show search options | Create a filter

Compose Mail

Inbox (2)
Starred
Sent Mail
Drafts
All Mail
Spam (20)
Trash

Contacts

Labels
Edit labels

Invite a friend
Give Gmail to:

Send Invite 50 left
preview invite

« Back to Inbox | Archive | Report Spam | More Actions ...

« Newer 21 of 50 Older »

## 4 year old birthday Inbox

Shelley Carroll <magicagency@ More options Aug 2

Hi Sarena,
Here is info for end of Sept event (weekend date) from 3 to 5pm in Woodmiere, NY. 15 to 20 4 year olds.

My vendor will not send out pics of the costumes due to the licensing issue. All I can say is that they are in beautiful condition.

2 people team for 45 minutes: 1 costume character with photographer to include meet and greet, photo op (we provide camera, Polaroid film and card board frame for the pictures, coloring sheet that the kids color in. At end of 45 minutes the character gives out lollypops to all the children.
FEE for above $275

List of costume avail:
Barney: It is a nice purple color
Blues Clues
Elmo
Mickey
Minnie
Buss Lightyear
Woody
Red and yellow Teletubby

Barney and Blues Clues are great. We have used them for Morgan Stanley, Daiwa Securities, Bear Sterns, etc.

Let me know of your decision.

Thank you for considering Magic Agency for your event.

Shelley Carroll

Shelley Carroll
magicagency@pipeline.com
Magic Agency Inc.
351 East 84th Street
Suite 15A



Compose Mail
Inbox (2)
Starred
Sent Mail
Drafts
All Mail
Spam (20)
Trash
Contacts
Labels
Edit labels
Invite a friend
Give Gmail to:
Send Invite 50 left
preview invite
NY, NY, 10028
Office (212)-288-9133
Fax (212)-535-5727
Cell (646)-522-4954
Reply Forward Invite Shelley to Gmail
« Back to Inbox Archive Report Spam More Actions ...
« Newer 21 of 50 Older »
Search accurately with operators including from: to: subject:.
You are currently using 175 MB (7%) of your 2487 MB.
Gmail view: standard | basic HTML Learn more
Terms of Use - Privacy Policy - Program Policies - Google Home
©2005 Google

# TELEPHONE STING FORM

STATUS
Hit X
Used to ☐
Non-Hit ☐
Call Back ☐

Characters
Barney & Friends X
Wiggles & Friends ☐
Bob the Builder ☐
Clifford X
Thomas & Friends ☐

REFERRAL: ☒ Yes ☐ No

**Date of Call:** August 2, 2005

**Name:** The Magic Agency

**Address:** 351 E 84th St. #15A
New York, NY 10028

**Phone:** 212-288-9133

**URL:** www.magicagency.com

**Person You Spoke To:** Shelley Carroll

**Summary of Conversation:**

Shelley was very knowledgeable about licensing issues. I asked about a character party for my 4-yr-old niece in Long Island (Woodmere) and Shelley said she has plenty of character performers, including Barney and Clifford. She said the colors of the characters are a little different from the actual cartoon characters "because of licensing issues" but that the children will "absolutely, absolutely" recognize the characters. She is emailing me a list of characters they could provide, and once I respond with the characters I'm looking to have, she'll respond with a price and provide pictures of the characters (through email).

This business is a high-quality one. First, "Butler Did It" (which itself is a high end business) recommended them to me because of the quality of their costumes. Second, Shelley claimed she didn't have pictures of the characters up on her website or in her brochure because their company is more corporate, with celebrity clientele. On the website, there is a list of prominent clients.

**Number of Costumes?** n/a

**Does the Business:** RENT? ____ PERFORM? __X__ BOTH?____ NEITHER? __

**Prices:** Waiting for price quote email

**Caller:** Sarena Horowitz

# TELEPHONE STING FORM

**Characters**
Clifford ☑
Barney & Friends X
Bob the Builder ☐
Thomas the Tank Engine ☐
Wiggles & Friends ☐

REFERRAL: ☑ Yes ☐ No

**Date of Call:** August 3, 2005

**Name:** The Magic Agency

**Address:** 351 E 84th St. #15A
New York, NY 10028

**Phone:** 212-288-9133

**URL:** www.magicagency.com

**Person You Spoke To:** Shelley Carroll

**Summary of Conversation:**
Shelley emailed me as per our previous conversation. She said her vendor "will not send out pics of the costumes due to the licensing issue. All I can say is that they are in beautiful condition." She listed available costumes, and the first on the list was Barney, which she claimed is "a nice purple color." Later in the email she said Barney is great, and that she used him before for Morgan Stanley, Daiwa Securities, and Bear Sterns.

**Impression of Size of Operation:** Large, high-quality.

**Does the Business:** RENT? ____ PERFORM? __X_ BOTH?____ NEITHER? ____

**Prices:** 2 people for 45 minutes = $275.

**Caller:** Sarena Horowitz