EXHIBIT 6

# COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.*
TIMOTHY J. DeBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF

ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN□
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

November 12, 2007

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
8220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
□ALSO ADMITTED IN NJ
*ALSO ADMITTED IN AR & DC

## VIA ELECTRONIC MAIL

Counsel on the Attached Service List

**Re:**   **Lyons Partnership, L.P., et al. v. Party Art Productions, Inc., et al.**
          **Docket No. 07-7121 (LLS)**

Dear Counsel:

       Following on District Judge Stanton's directions at last week's Initial Conference and the e-mail correspondence today, Plaintiffs will be identifying the names of their investigators and producing documentation tomorrow.

       As Plaintiffs consider the documentation they will produce to be, at a minimum, confidential information, enclosed is a Stipulated Confidentiality and Protective Order for the parties to execute prior to Plaintiffs' production.

       Very truly yours,

       Matthew A. Kaplan

MAK/ms
Enclosure

cc:    Toby M.J. Butterfield, Esq.

Cowan, DeBaets, Abrahams & Sheppard LLP

Counsel on Service List
November 12, 2007
Page 2


## SERVICE LIST

Brian J. Greenfield, Esq.
Greenfield, Pusateri & Ruhl
626 Rexcorp Plaza
Uniondale, NY 11516
516-522-2565 (telephone)
516-522-2566 (facsimile)
E-mail: brian.greenfield@gprlaw.com
*Attorneys for Defendant Eric Silvey d/b/a Eric Silvey Entertainment*

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
181 Millburn Ave
Millburn, NJ 07041
973-921-0080 (telephone)
973-921-0021 (facsimile)
E-mail: ingber.law@verizon.net
*Attorneys for Party Art Defendants and Magic Agency Defendants*

Gary Adelman, Esq.
Barton, Barton & Plotkin, LLP
420 Lexington Ave
New York, NY 10170
212-687-6262 (telephone)
212-687-3667 (facsimile)
E-mail: Gary@bartonesq.com
*Attorneys for Defendants Party Poopers, Inc. and Marla Mase*

Michael D. Pinnisi, Esq.
Pinnisi & Anderson, LLP
11 North Tioga Street, Suite 200
Ithaca, NY 14850
607-257-8000 (telephone)
607-257-0990 (facsimile)
E-mail: mpinnisi@pinnisianderson.com
*Attorneys for Save the Date Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LYONS PARTNERSHIP, L.P., *et al.*,            :

                       Plaintiff,            :            07 Civ. 7121 (LLS)(THK)

     v.                                                      :

PARTY ART PRODUCTIONS, INC, *et al.*,       :     **STIPULATED CONFIDENTIALITY
                                              :     AND PROTECTIVE ORDER**

                   Defendants.            :

                                 :

------------------------------------------------------------x

       In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the parties, by their undersigned counsel, hereby stipulate pursuant to Fed. R. Civ. P. 26(c)(7), subject to approval and entry by the Court, as follows:

**Discovery Materials**

       1.     As used in this Order, the word "documents" means all documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure. The term "Discovery Materials" means all documents and information produced in response to any discovery request in this Action, as well as any deposition testimony given in this Action or documents marked as exhibits at any deposition. In addition, Discovery Materials includes all documents or information derived from, or encompassing such material, including copies, excerpts, or summaries thereof and all deposition transcripts.

       2.     Discovery Materials may be used and disclosed by the receiving parties only for the prosecution and defense of this action, *Lyons Partnership, L.P., et al. v. Party Art Productions, Inc., et al.,* No. 07-cv-7121 (LLS)(THK), pending in the United States District

Court for the Southern District of New York (the "Action"). Any Discovery Material, may be designated by a producing party or non-party as "Confidential" or "Attorney's Eyes Only" provided such designation is consistent with the terms of this Protective Order.

### What Constitutes Confidential And Attorney's Eyes Only Information

3.    "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains proprietary or confidential strategic, research, development, or commercial information. Any documents or information derived from Discovery Materials designated Confidential Information shall also be considered Confidential Information.

4.    "Attorney's Eyes Only Information" shall include any Confidential Information which the producing party or non-party reasonably believes to be Confidential Information which consists of trade secrets or is otherwise so competitively or commercially sensitive that it must be subject to the restricted disclosure described herein. Any documents or information derived from Discovery Materials designated Attorney's Eyes Only shall also be considered Attorney's Eyes Only.

### Designation of Discovery Materials as Confidential or Attorney's Eyes Only

5.    Parties and non-parties that produce Discovery Materials in the course of this Action may designate such Discovery Material as Confidential or Attorney's Eyes Only. Such Discovery Materials must be so designated by producing copies of the Discovery Materials that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY SUBJECT TO PROTECTIVE ORDER."

6.    Inadvertent production of or failure to designate any information as Confidential or Attorney's Eyes Only shall not be deemed a waiver of the producing party's or non-party's

claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Attorney's Eyes Only as appropriate.

7.     Inadvertent production of any document produced in response to discovery requests in this Action by any party or non-party that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within three business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but said party may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

8.     The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this Action.

**Permissible Uses of Discovery Material**

9.     All persons obtaining access to Discovery Material produced in connection with this Action shall use such Discovery Material only for the prosecution or defense of this Action,

including any appeal and retrial, and shall not use such Discovery Material for any other purpose, including the furtherance of that person's business or financial interests or in any administrative or judicial proceeding.

10.  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information already in that party's or witness's possession or obtained by such party or witness independently of the discovery proceedings in this Action, whether or not such document, material or information are also obtained through discovery proceedings in this Action.

11.  Confidential Information may be disclosed only to the following persons:

    (a)  the Court, including any Court personnel assisting the Court;

    (b)  counsel for such party, including litigation assistants, paralegals, secretarial or other clerical personnel;

    (c)  consultants, experts or litigation support services and their associated personnel, including principals and employees of the firm with which consultants or experts are associated, retained by such party for the purpose of assisting that party in this Action; and

    (d)  the parties.

12.  Attorney's Eyes Only Information may be disclosed only to any persons falling within categories (a) and (b) in paragraph 11 above, as well as persons falling within category (c) who have signed an Acknowledgement in the form of Exhibit A. The Acknowledgement may be signed and retained by one senior person per entity or organization on behalf of all persons at that entity or organization to whom Attorney's Eyes Only Information will be disclosed.

13.  Neither Confidential nor Attorney's Eyes Only Information shall be copied or

reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this Action. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of Confidential or Attorney's Eyes Only materials are made does not reproduce the "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY SUBJECT TO PROTECTIVE ORDER" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY SUBJECT TO PROTECTIVE ORDER" designation. All copies of Confidential and Attorney's Eyes Only Information shall be kept under the control of person(s) described in paragraph 11(a) through (c) above.

14.    Persons described in paragraph 11(b) through (d) (and their associated personnel) shall be deemed bound by the terms of this Order upon execution by counsel for all parties, regardless of when or if entered by the Court. A party disclosing Confidential Information to a person described in paragraph 11(b) through (d), or Attorney's Eyes Only Information to a person described in paragraph 11(b) through (c), must first advise the recipient that the information is Confidential or Attorney's Eyes Only and may only be used in connection with this Action. Persons described in paragraphs 11(b) and (c) should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to Confidential or Attorney's Eyes Only Information.

15.    Counsel for a party may disclose Confidential or Attorney's Eyes Only Information to any actual or potential witness provided counsel has obtained consent of counsel for the party or non-party who produced such information, except that such consent need not be obtained if (i) the person is an author or recipient of the Confidential or Attorney's Eyes Only Information, or (ii) the person is a former employee of the producing party or a former employee

of the producing non-party and is known to have prior knowledge, by virtue of his or her prior employment, of the specific Confidential or Attorney's Eyes Only Information to be disclosed.

**Challenges to Confidential or Attorney's Eyes Only Designations**

16.    If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Attorney's Eyes Only Information, then the parties to the dispute will attempt first to resolve the dispute among themselves. In the event that the parties cannot reach an agreement, the party challenging the designation will then present the dispute to the Court. All items objected to shall continue to be treated as Confidential or Attorney's Eyes Only pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Attorney's Eyes Only within the definition(s) of those term(s) set forth above.

17.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Order shall not: (a) operate as an admission by any receiving party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time to: (i) seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Stipulation and Order; (ii) seek relief on appropriate notice from any provision(s) of this Stipulation and Order, either generally or as to any particular document, item of material or piece of information; (iii) object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) seek documents or other information from any source.

**Deposition Procedures**

18.     Whenever Confidential or Attorney's Eyes Only Discovery Materials are to be discussed or disclosed in a deposition or when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Attorney's Eyes Only Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified in paragraphs 11 and 12 hereof who have access to the appropriate category of information leave the deposition room during the Confidential or Attorney's Eyes Only portion of the deposition.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

19.     Any party also may designate information disclosed at a deposition as a Confidential or Attorney's Eyes Only portion of the deposition by notifying all of the parties on the record during the deposition or in writing within fifteen (15) days of receipt of the transcript of the specified pages and lines of the transcript, which should be treated as a Confidential or Attorney's Eyes Only portion of the deposition thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody or control.  All deposition transcripts shall be treated as "Attorney's Eyes Only" for a period of fifteen (15) days after initial receipt of the transcript.

20.     Any deposition testimony concerning a Confidential or Attorney's Eyes Only document produced by a non-party shall be marked by the court reporter as Confidential or Attorney's Eyes Only on the deposition transcript.

**Efforts by Non-Parties to Obtain Confidential Information**

21.     If any party has obtained Confidential or Attorney's Eyes Only Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Attorney's Eyes Only Information, such party shall promptly notify the producing party or non-party.  The subpoenaed party shall not produce any Confidential or Attorney's Eyes Only Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction.

22.     The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Attorney's Eyes Only Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

**Filing Under Seal**

23.     All Confidential or Attorney's Eyes Only Information filed with the Court shall be filed under seal.  Where possible, only confidential portions of filings with the Court shall be filed under seal.  Information filed under seal shall be placed in sealed envelopes on which shall be endorsed the title to this Action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Attorney's Eyes Only Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such information pursuant to paragraph 11 or 12, as applicable, which person(s) shall return the information to the Clerk in a sealed envelope.  Any envelope

containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet.

## Use of Confidential or Attorney's Eyes Only Information at Trial

24.    The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential and Attorney's Eyes Only Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Attorney's Eyes Only Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Attorney's Eyes Only Information at trial or evidentiary hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial of any Confidential or Attorney's Eyes Only Information produced by them if and when they are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give notice as soon as practicable after Confidential or Attorney's Eyes Only Information which is not listed on the exhibit list is determined to be used by counsel for a party in the course of examination or cross-examination at trial.

## Procedures upon Termination of Action

25.    Within 10 business days following the running of any applicable time to appeal the final order entered in this Action, all parties shall either (i) return to the person who produced such materials all copies of all Confidential or Attorney's Eyes Only Information obtained

through discovery in this Action or (ii) certify to that person that all such materials have been destroyed.

26.    In compliance with Standing Order No. M-10-486 of the Southern District of New York, where any Confidential or Attorney's Eyes Only Information is filed under seal with the Court, the party that submitted such documents shall, within 90 days after a final decision is rendered if no appeal is taken or if an appeal is taken within 30 days after final disposition of the appeal, contact the Clerk and retrieve such documents.  Once documents filed under seal are returned by the Clerk, the party receiving such documents shall dispose of them in the manner and time period proscribed in paragraph 26.

27.    This document may be signed in counterpart, and each such counterpart shall be deemed an original.

Dated: New York, New York
     November __, 2007

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: _____

Toby M.J. Butterfield
Matthew A. Kaplan
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474 (telephone)
(212) 974-8474 (facsimile)
*Attorneys for Plaintiffs*

Dated: New York, New York
     November __, 2007

GREENFIELD, PUSATERI & RUHL

By: _____

Brian J. Greenfield
626 Rexcorp Plaza
Uniondale, NY 11516
516-522-2565 (telephone)
516-522-2566 (facsimile)
*Attorneys for Defendant Eric Silvey dba Eric Silvey Entertainment*

Dated: New York, New York                  INGBER & GELBER, LLP
      November __, 2007


                                         By:   _____

                                               Mark J. Ingber
                                             181 Millburn Ave
                                             Millburn, NJ 07041
                                           973-921-0080 (telephone)
                                           973-921-0021 (facsimile)
                                           *Attorneys for Party Art Defendants*
                                           *and Magic Agency Defendants*

Dated: New York, New York                  BARTON, BARTON & PLOTKIN, LLP
      November __, 2007


                                         By:   _____

                                               Gary Adelman
                                           Barton, Barton & Plotkin, LLP
                                           420 Lexington Ave
                                           New York, NY 10170
                                           212-687-6262 (telephone)
                                           212-687-3667 (facsimile)
                                           *Attorneys for Defendants Party*
                                           *Poopers, Inc. and Marla Mase*

Dated: New York, New York                  PINNISI & ANDERSON, LLP
      November __, 2007


                                         By:   _____

                                               Michael D. Pinnisi
                                           11 North Tioga Street, Suite 200
                                           Ithaca, NY 14850
                                           607-257-8000 (telephone)
                                           607-257-0990 (facsimile)
                                           *Attorneys for Save the Date*
                                           *Defendants*

SO ORDERED:


_____                  _____
          Date                                        Louis L. Stanton, U.S.D.J.

**EXHIBIT A**

**ACKNOWLEDGMENT AND REPRESENTATION OF
PERSONS HAVING ACCESS TO CLASSIFIED INFORMATION**

I hereby agree to abide by the terms of the Confidentiality and Protective Order (the "Protective Order") entered in the action captioned *Lyons Partnership, L.P.., v. Party Art Productions, Inc., et al.,* No. 07-cv-7121 (LLS)(THK), pending in the United States District Court for the Southern District of New York (the "Action"), in order to gain access to non-public, confidential information and information otherwise protected by the Protective Order. Accordingly, I further represent to the United States District Court for the Southern District of New York the following:

1.      I have read the Protective Order and I understand its provisions and terms. I understand that I have the right to consult an attorney regarding the meaning of any provision of the Protective Order or this Acknowledgment and Representation. Any questions I had regarding the Protective Order or this Acknowledgment and Representation have been answered by counsel.

2.      My current address and telephone number is:

_____

_____

3.      My current job title and employer are:

_____

_____

4.      My current employer's address is:

_____

_____

5.      I shall use information I learn as a result of having access to Attorney's Eyes Only Discovery Material protected under the Protective Order solely for purposes of the Action and for no other purposes, and shall not disclose Confidential or Attorney's Eyes Only Discovery Material except as authorized by the Protective Order.

6.    I further understand that any unauthorized use or disclosure by me of such "Confidential" or "Attorneys' Eyes Only" Discovery Material or information will be treated as a breach of the Stipulated Confidentiality and Protective Order for which I may be liable and which may be punishable as a contempt of Court.

7.    I shall return to counsel who provided them to me all materials containing Discovery Material protected under this Protective Order within the earlier of 10 days of my termination of participation in the Lawsuit or 60 days of my receipt of notice of termination of the Action.

8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and representations are true and correct.

Executed this _____ day of _____, 200__ at _____.

By:    _____

_____
Type or Print Name

**Acknowledgment and Representation - 2**