# EXHIBIT 10

# PINNISI & ANDERSON, LLP

BANK OF AMERICA BUILDING
111 NORTH TIOGA STREET, SUITE 200
ITHACA, NEW YORK 14850
(607) 257-8000
(fax) 257-0990

November 13, 2007

BY FEDERAL EXPRESS

Hon. Louis L. Stanton
United States District Judge
500 Pearl Street
New York, NY 10007

Re: Lyons Partnership, L.P., et al. v. 57th Street Party Corp. d/b/a Save the Date, et al. U.S. District Court, S.D.N.Y. 07-CIV-7121 (LLS)(THK)

Your Honor:

This firm represents Defendants 57th Street Party Corp. and Jennifer Gilbert in the above-referenced litigation. We write to oppose Plaintiffs' application for a confidentiality order for all information to be produced in discovery in this case.

Certainly, I can understand why Plaintiffs and their counsel would not want the public to learn about their unseemly conduct in this matter. The information that they seek to protect by order, however, is not novel or proprietary in any way that I can see. Rather, Plaintiffs appear to have utilized investigators who misrepresented themselves as potential customers. That method is well established, having been utilized for decades by the use of "testers" in civil rights investigations and in other matters. Plaintiffs contend nothing unique about their conduct. As I understand their application, they simply want to proceed in secrecy. Questions about the propriety of the use of the method in this instance aside, there is nothing perceptibly confidential about the investigation process utilized in this case, other than that the Plaintiffs don't want anyone to know they are using it.

That desire for secrecy is quite telling, as companies with a genuine interest in protecting their trademark against abuse would want the public to know that the mark is being enforced in order to obtain a general deterrent effect. Consider, for example, the current handling of copyright infringement cases by record companies, who seek press coverage for their enforcement actions. Plaintiffs desire for secrecy here negates any general deterrence effect, and is consistent with Defendants' contention that the Plaintiffs and/or their counsel want to lay traps for the unwary, as permitting them to continue to proceed in secret furthers that plan and hence increases their potential revenue from further litigation.

We do not oppose confidential treatment of the financial and business and other proprietary information of any of the Defendants, as they were drawn into this mess by the Plaintiffs and they have legitimate business and privacy interests to protect. We also would not oppose confidential treatment of a more narrow, genuinely confidential class of information of the Plaintiffs. We do, however, oppose any order that will assist the Plaintiffs and their counsel to proceed with this

Hon. Louis L. Stanton      –2–      November 13, 2007

process in total secrecy. On the contrary, I believe some sunlight on their process would do many people a great deal of good.

Thank you for your consideration of this submission.

Respectfully yours,

Michael D. Pinnisi

cc by fax:    Mark J. Ingber, Esq.
Toby Butterfield, Esq.
Gary Adelman, Esq.
Brian Greenfield, Esq.