# EXHIBIT 17

# PINNISI & ANDERSON, LLP

BANK OF AMERICA BUILDING
111 NORTH TIOGA STREET, SUITE 200
ITHACA, NEW YORK 14850
(607) 257-8000
(fax) 257-0990

November 20, 2007

BY FEDERAL EXPRESS

Hon. Louis L. Stanton
United States District Judge
500 Pearl Street
New York, NY 10007

Re: Lyons Partnership, L.P., *et al.* v. 57th Street Party Corp. d/b/a Save the Date, *et al.*
U.S. District Court, S.D.N.Y. 07-CIV-7121 (LLS)(THK)

Your Honor:

This firm represents Defendants 57th Street Party Corp. and Jennifer Gilbert in the above-referenced litigation. We write to advise the Court regarding the failure of Plaintiffs' counsel to fully comply with this Court's instructions regarding document production, to request compelled delivery of those documents, and consequently, to request adjustment of the schedule for further proceedings in this case.

At the conclusion of a conference held in chambers on November 9, 2007, the Court directed Plaintiffs' counsel to produce (1) all documents showing instructions provided by Plaintiffs' counsel to their employee-investigators, and (2) all documents showing the communications of those investigators with the Defendants in this case and any other documents showing the results thereof. To date, we have received none of the former, and only some of the latter.

Regarding instructions, counsel provided no substantive documents; only a carefully-worded letter from Mr. Kaplan which represents that "we are unaware of any written instructions or scripts that were provided to the investigators prior to their investigation of your clients." This is far more narrow than the Court's instruction, which called for all documents that would show the process the investigators were to follow. Such documents must exist, even if they cannot be strictly defined as "written instructions" or "scripts," as part of the "investigation programme" that Mr. Butterfield described at the conference as being professionally and regularly conducted. Plaintiffs cannot serious contend that their law firm planned and executed and supervised the investigation of hundreds of parties without generating a single piece of paper to reflect how this all was to be done, or how targets should be selected, or how targets should be approached, or what questions should be asked, or how the results of interviews should be recorded, or how results should be delivered to supervisors, *etc. ad infinitum*. The idea that all this would be done without paper is preposterous. Indeed, if that were true it would prove very much, as a complete lack of any documentation of the investigative process would be powerful evidence that the law firm knew that it was behaving improperly, and thus took extraordinary pains to make sure it left no paper trail of its conduct. At a minimum, Plaintiffs should have to tell this Court whether they have documents relevant to the investigation process that they refuse to produce at this time, or if

Hon. Louis L. Stanton — 2 — November 20, 2007

they indeed have nothing.

Regarding documents of investigation results, the papers provided regarding my clients are woefully incomplete. Plaintiffs purport to have produced "their investigation files" for the two Defendants represented by this firm. To date, that amounts to only 14 pieces of paper regarding contacts with 57th Street Party Corp. and *nothing at all* regarding Defendant Gilbert. The 14 pages they did produce do not include any notation regarding initial contact with either Defendant. This is telling, as Defendant Gilbert denies any contact whatsoever with any investigator, and the 57th Street Party Corp. employee who received the investigator's call reports that she told the investigator that no costumes were owned or offered by her company. There is thus an utter absence of any proof regarding Defendant Gilbert personally, which supports our Rule 11 argument that Plaintiffs brought claims against her without proper evidentiary foundation or investigation. Perhaps more troubling, the lack of any record of the initial contact with the corporate defendant raises a concern regarding spoliation of evidence, as it appears that notes of that conversation, which would exculpate the corporate defendant, have been destroyed or at least not produced. Alternatively, if the investigators were instructed not to write down exculpatory interview results, that would be powerful proof as well, but as noted above, we have been frustrated also in our attempts to obtain proof about the investigation process.

The Defendants should not be required to conduct nearly blind depositions of the investigators. Protection against such a process was the intent and wisdom of this Court's November 9, 2007 instructions to produce relevant documentation in advance. To force the depositions to occur before the documents are produced would reward Plaintiffs' noncompliance, and would create great inefficiency and expense for the defendants in having to grope in the dark at the first round of depositions, and then have to ask for further depositions of the same witnesses after full documents are later produced. Further, Plaintiffs have proposed two different days for the depositions of two of the investigators (Tuesday and Wednesday of next week), doubling travel time and creating other expenses for Defendants when one day of deposition might suffice. Again, all of the positions and processes employed by Plaintiffs to date are consistent with our prior argument that they are doing everything in their power to drive up defense costs and create pressure for nuisance settlements.

For the foregoing reasons, and as argued at the November 9, 2007 conference and in prior submissions to the Court, we ask that Plaintiffs be compelled to produce all pertinent documentation before Defendants depose the investigators. This can no longer be accomplished by the end of this month as ordered by the Court, due solely to Plaintiffs' failure to make complete disclosure of documents as directed. As a result, we ask further that the Court modify its requirement that the depositions be completed by the end of this month, that the Plaintiffs be ordered to produce all of their documents pertinent to this case by November 30, 2007, and that December 7, 2007 conference be limited to discussion of whether Plaintiffs complied with that order and whether the contents of the documents produced warrant further discovery process before the Defendants can proceed with motions to dismiss and for sanctions.

Thank you for your consideration of this submission.

Hon. Louis L. Stanton — 3 — November 20, 2007

Respectfully yours,


Michael D. Pinnisi


Enc:        November 18, 2007 e-mail from M. Pinnisi to all counsel of record
            November 19, 2007 letters from M. Kaplan to all counsel of record

cc by fax:  Mark J. Ingber, Esq.
            Toby Butterfield, Esq.
            Gary Adelman, Esq.
            Brian Greenfield, Esq.