# EXHIBIT 24

**Matthew Kaplan**

| | |
|---|---|
| **From:** | Matthew Kaplan [mkaplan@cdas.com] |
| **Sent:** | Friday, December 07, 2007 4:54 PM |
| **To:** | 'Mark Ingber'; 'Gary Adelman'; 'brian.greenfield@gprlaw.com'; 'mpinnisi@pinnisianderson.com' |
| **Cc:** | 'tbutterfield@cdas.com' |
| **Subject:** | RE: Lyons/Party Art - Revised Order |

Counsel:

First, plaintiffs still object to naming Ms. Digernes in the order. Her involvement in the program was slight and she had no contact with defendants or the investigation of defendants. That does not require her wasting a day at deposition. If defendants truly believe that they will only have 3-4 questions for her, take the depositions of Mr. Sutton and the investigators first. Again, once those depositions are done, we can discuss whether her deposition will be needed or whether there is a less disruptive discovery device in which you can ask those limited questions.

Second, providing a list of "all individuals involved in their investigative program" is not what Judge Stanton ordered, and Plaintiffs will not agree to include that language in the order. During the conference, Judge Stanton was clear that he was limiting discovery to the investigation of these defendants. Thus, the judge only required Plaintiffs to provide the names of the investigators directly involved in the investigation of the Defendants herein and the people who trained those investigators. Indeed, when one of defendants' counsel stated that he wanted to depose the other investigators, the judge stated "of course it's attractive, but it's not warranted". The judge is focusing this discovery on the "direct links in the chain to their clients", not the whole program.

Frankly, this smacks of a fishing expedition by defendants to avoid actually having to take the depositions of the persons who have evidence establishing your clients' liability, who Plaintiffs previously and still offer for deposition. I note that I still do not have defendants' counsels' schedules in order to arrange for deposition dates.

If defendants are unwilling to agree to the order as revised by plaintiffs, I suggest that we call Judge Stanton's chambers Monday morning and request a telephone conference to work out the issue.

Regards,
Matt

Matthew A. Kaplan
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor  |  New York, NY 10010
T: +1  212.974.7474 |  F: +1  212.974.8474 mkaplan@cdas.com  |  www.cdas.com


-----Original Message-----
From: Mark Ingber [mailto:ingber.law@verizon.net]
Sent: Friday, December 07, 2007 3:11 PM
To: Gary Adelman; mkaplan@cdas.com; brian.greenfield@gprlaw.com; mpinnisi@pinnisianderson.com
Cc: tbutterfield@cdas.com
Subject: Re: Lyons/Party Art - Revised Order

Matt, what is the status of the proposed Order? Are the Plaintiffs ready to execute it or do we need to have a futher court conf? Please advise asap as we should submit to Court as soon as possible.

Regards,

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
www.ingberiplawyer.com

181 Millburn Avenue, Suite 202
Millburn, New Jersey 07041
(973) 921-0080
ingber.law@verizon.net

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE SO THAT WE CAN ARRANGE FOR THE RETURN OF THE ORIGINAL DOCUMENTS TO US AT NO COST TO YOU.

----- Original Message -----
From: "Gary Adelman" <gary@bartonesq.com>
To: <mkaplan@cdas.com>; <ingber.law@verizon.net>; <brian.greenfield@gprlaw.com>;
<mpinnisi@pinnisianderson.com>
Cc: <tbutterfield@cdas.com>
Sent: Thursday, December 06, 2007 3:36 PM
Subject: Re: Lyons/Party Art - Revised Order


>> Dear Marc:
>>
>> We have reviewed your comments and respond as follows:
>>
>> As to comment#1. The Judge Ordered that anyone with a connection to our
>> Clients, not only invetigators or trainers, but the persons who were
>> involved in developing the program. Accordingly, Plaintiffs should
>> provide a list of all individuals involved in their investigation
>> program. Ms. Digeneris clearly fits in within that realm. We can
>> certaintly ask Mr Sutton about her, and we will, however, 3-5 simple
>> questions will determine if she was involved or not and the
>> defendants believe she will not be a waste of time. We insist on her production.
>>
>> The rest of your comments are accepted.
>>
>> Please advise asap.
>>
>> Gary Adelman
>> Barton Barton & Plotkin, LLP
>> 420 Lexington Avenue

>> Suite 1830
>> New York, N.Y. 10170
>>
>> www.ipmegroup.com
>>
>> www.bartonesq.com
>
>
> -----Original Message-----
> From: Matthew Kaplan <mkaplan@cdas.com>
> To: ingber.law@verizon.net <ingber.law@verizon.net>; Gary Adelman;
> brian.greenfield@gprlaw.com <brian.greenfield@gprlaw.com>;
> mpinnisi@pinnisianderson.com <mpinnisi@pinnisianderson.com>
> CC: tbutterfield@cdas.com <tbutterfield@cdas.com>
> Sent: Thu Dec 06 10:49:18 2007
> Subject: Lyons/Party Art - Revised Order
>
> Counsel:
>
> Attached are our revisions to the proposed discovery order, which was
> sent after the close of business on Monday. We note the following:
>
> 1) Paragraph 1(a): Judge Stanton was clear that this round of
> discovery was to be limited to the investigators directly involved in
> the investigation of the Defendants in this action, and the people who
> trained those investigators. As drafted by Mr. Adelman, the language
> was too broad and would have covered other investigators who were not
> involved in the investigation of Defendants herein.
>
> 2) Paragraph 1(b): My addition reflects Judge Stanton's explicit
> limitation on what call list information is to be produced.
>
> 3) Paragraph 2: Ms. Digernes, a CDAS transactional attorney, should
> not be included in the order. Even though Ms. Digernes was named on
> the draft memorandum that we produced, she was not involved in
> investigator training and was only tangentially involved in the
> program at that time. Mr.
> Sutton
> can testify about her limited involvement. If after the depositions
> of the investigators and Mr. Sutton, defendants still believe that Ms.
> Digernes'
> deposition is necessary, we can revisit the issue. However, Ms. Digernes'
> deposition will be a waste of time.
>
> Plaintiffs are prepared to execute the order with these changes.
>
> Matthew Kaplan
>
>
> Matthew A. Kaplan
> COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

> 41 Madison Avenue, 34th Floor | New York, NY 10010
> T: +1 212.974.7474 | F: +1 212.974.8474 mkaplan@cdas.com |
> www.cdas.com
>
> *** This e-mail and any files transmitted with it are confidential.
> Its contents are intended solely for the recipient(s) indicated and
> may also be privileged. If you are not the intended recipient, you are
> hereby notified that disclosing, copying, distributing or taking any
> action in reliance on the contents of this e-mail is strictly
> prohibited. If you have received this e-mail in error, please delete
> this e-mail from your system and notify Cowan, DeBaets, Abrahams &
> Sheppard LLP immediately by e-mail at cdas@cdas.com. ***
>
>
>
>
>
>
>
>