# EXHIBIT 25

# COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.†
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF
―――
ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN◻
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

December 10, 2007

OF COUNSEL:
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
◻ALSO ADMITTED IN NJ
†ALSO ADMITTED IN AR & DC

**VIA HAND DELIVERY**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2250
New York, New York 10007

    Re:    Lyons Partnership, L.P., et al. v. Party Art Productions, Inc., et al.
              Docket No. 07-7121 (LLS)

Dear Judge Stanton:

        We represent plaintiffs in the above-captioned matter, and we write to request a telephone conference to resolve two issues regarding the scope of Your Honor's discovery order stemming from the November 26, 2007 conference. A week after the conference, defendants provided plaintiffs with a draft order containing language that improperly expanded the scope of Your Honor's rulings. Attempts to resolve the issue have been unsuccessful.

        During the November 26, 2007 conference, Your Honor directed plaintiffs to provide a list of those individuals who were directly involved in the investigation of the defendants in this action, including the attorneys and others who trained those investigators. In preparing the draft order, defendants expanded the scope of Your Honor's ruling and instead want plaintiffs to provide the names of "all individuals involved in their investigative program", such as other investigators who were not involved in investigating the defendants.[1]

---

[1] Specifically, defendants sought to include the following language in Paragraph 1.a. of the Order:

> A list of all individuals involved in the investigation program, including but not limited to those individuals directly involved in the investigation of the Defendants and/or communications with the Defendants, and/or all individuals who have trained the investigators, including but not limited to any attorneys and or investigators;

41 MADISON AVENUE - 34TH FLOOR, NEW YORK, NEW YORK 10010
TEL: (212) 974-7474    FAX: (212) 974-8474    WEB: www.cdas.com    E-MAIL: cdas@cdas.com

{A061003.DOC\1}

Cowan, DeBaets, Abrahams & Sheppard LLP

Hon. Louis L. Stanton, U.S.D.J.
December 10, 2007
Page 2

   Your Honor has been consistently clear that the focus of this phase of discovery is on the "direct links in the chain to [defendants]." However, despite your rulings at both the Initial and November 26th conferences, defendants want to take yet another bite at the apple to divert discovery (and the Court's attention) away from the investigation of defendants to plaintiffs' costume program at large. Defendants' actions are plainly a fishing expedition to avoid moving forward with taking the depositions of the persons who have evidence establishing defendants' liability, who plaintiffs previously and still offer for deposition. In fact, plaintiffs have offered their investigators for deposition since mid-November and defendants still refuse to provide their availability to schedule new dates.[2] If defendants do not wish to take those depositions, the court should find that defendants waived their right to do so and plaintiffs should be given the opportunity to begin their discovery of defendants.

   Similarly, plaintiffs object to defendants' inclusion of Lisa Digernes in the draft Order as a person to be deposed. While Ms. Digernes was named in a draft memorandum produced to defendants, she is a transactional attorney at this firm, she was not involved in investigator training and she had no contact with defendants. Thus, plaintiffs assert that they should not be ordered to produce her at this time. To resolve the issue, plaintiffs suggested that defendants take the depositions of Mr. Sutton and the investigators first, and, if they still believe Ms. Digernes has discoverable evidence, the parties can discuss at that time whether a deposition is needed or a less disruptive discovery method can be utilized.[3] However, defendants refused to consider plaintiffs' suggestion or agree to remove her from the order.

   Plaintiffs regret having to seek the Court's intervention, but again defendants' refusal to take depositions has forced the issue. Alternatively, we enclose a draft Order that plaintiffs assert reflects the Court's rulings at the November 26, 2007 conference.

            Respectfully submitted,

            Matthew A. Kaplan

MAK/ms
Enclosures
cc: Counsel on Attached Service List (w/ encls.)(via e-mail)
   Toby M.J. Butterfield, Esq.

---

[2]  In fact, in response to a November 29, 2007 request for defendants' availability for depositions, Mr. Pinnisi stated that he "will discuss and reserve deposition dates after we have a discovery order from the Court and reasonable assurance that Plaintiffs will fully comply in a timely manner" and "Premature reservation of dates would be an expense and inconvenience and waste of time." (see enclosed). No other counsel has responded to the request.

[3]  Indeed, during discussions between counsel, defendants suggested that "3-5 simple questions will determine if she was involved or not." That does not justify Ms. Digernes having to waste a day at deposition.

{A061003.DOC\1}

Cowan, DeBaets, Abrahams & Sheppard LLP

Hon. Louis L. Stanton, U.S.D.J.
December 10, 2007
Page 3

## SERVICE LIST

Brian J. Greenfield, Esq.
Greenfield, Pusateri & Ruhl
626 Rexcorp Plaza
Uniondale, NY 11516
516-522-2565 (telephone)
516-522-2566 (facsimile)
E-mail: brian.greenfield@gprlaw.com
*Attorneys for Defendant Eric Silvey d/b/a Eric Silvey Entertainment*

Mark J. Ingber, Esq.
Ingber & Gelber, LLP
181 Millburn Ave
Millburn, NJ 07041
973-921-0080 (telephone)
973-921-0021 (facsimile)
E-mail: ingber.law@verizon.net
*Attorneys for Party Art Defendants and Magic Agency Defendants*

Gary Adelman, Esq.
Barton, Barton & Plotkin, LLP
420 Lexington Ave
New York, NY 10170
212-687-6262 (telephone)
212-687-3667 (facsimile)
E-mail: Gary@bartonesq.com
*Attorneys for Defendants Party Poopers, Inc. and Marla Mase*

Michael D. Pinnisi, Esq.
Pinnisi & Anderson, LLP
11 North Tioga Street, Suite 200
Ithaca, NY 14850
607-257-8000 (telephone)
607-257-0990 (facsimile)
E-mail: mpinnisi@pinnisianderson.com
*Attorneys for Save the Date Defendants*

# Matthew Kaplan

**From:** Michael D. Pinnisi [mpinnisi@pinnisianderson.com]
**Sent:** Saturday, December 01, 2007 5:18 PM
**To:** 'Matthew Kaplan'
**Cc:** 'Toby Butterfield'; Gary@bartonesq.com; 'Mark Ingber'; 'Brian Greenfield'
**Subject:** RE: Lyons/Party Art - Draft Order

I will discuss and reserve deposition dates after we have a discovery order from the Court and reasonable assurance that Plaintiffs will fully comply in a timely manner. At present we do not have the former, and past history teaches to suspect the latter. Premature reservation of dates would be an expense and inconvenience and waste of time.

Once your documents have been provided, my firm will proceed as soon as counsel are available. Given Ms. Sherman's known conduct, her vacation plans are irrelevant to me. If we can proceed with her deposition before January 13, she'll have to change her plans. If you can't arrange that, you'll have to explain your inability to produce your witness to the judge.

Michael D. Pinnisi
Pinnisi & Anderson, LLP
Bank of America Building
111 N. Tioga St., Suite 200
Ithaca, New York 14850
Phone: (607) 257-8000
Facsimile: (607) 257-0990
www.pinnisianderson.com

This message and any attachments are intended only for the specific addressee(s) identified above. This may include information that is privileged, copyrighted, or otherwise confidential. Unauthorized use or distribution of any portion hereof is strictly prohibited and may be unlawful. Please notify the sender immediately at (607) 257-8000 if you received this message by error. Thank you for your cooperation.

**From:** Matthew Kaplan [mailto:mkaplan@cdas.com]
**Sent:** Thursday, November 29, 2007 5:30 PM
**To:** Gary@bartonesq.com; 'Mark Ingber'; 'Michael D. Pinnisi'; 'Brian Greenfield'
**Cc:** 'Toby Butterfield'
**Subject:** Lyons/Party Art - Draft Order

Dear Mr. Adelman:

During the conference on Monday afternoon, I believe you stated that you would prepare and circulate the draft order based upon Judge Stanton's decisions. As it is now Thursday afternoon, when can we expect to see the draft order?

Also, if all counsel would please provide me with available dates in December and early January for witness depositions. So you are all aware, Ms. Sherman is going to unavailable starting December 26th through January 13th as she will be out of the country during her winter break.

Regards,
Matthew

Matthew A. Kaplan
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor  |  New York, NY 10010

1

T: +1 212.974.7474 | F: +1 212.974.8474
nkaplan@cdas.com | www.cdas.com

*** This e-mail and any files transmitted with it are confidential. Its contents are intended solely for the recipient(s) indicated and may also be privileged. If you are not the intended recipient, you are hereby notified that disclosing, copying, distributing or taking any action in reliance on the contents of this e-mail is strictly prohibited. If you have received this e-mail in error, please delete this e-mail from your system and notify Cowan, DeBaets, Abrahams & Sheppard LLP immediately by e-mail at cdas@cdas.com. ***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LYONS PARTNERSHIP, L.P., et al.

                              No. 07 Civ. 7121 (LLS)

                    Plaintiffs,

-against-

                              **<u>ORDER</u>**

PARTY ART PRODUCTIONS, INC. et al.

                              ELECTRONIC CASE

                    Defendants.
-------------------------------------------------------------X

    **WHEREAS,** pursuant to the parties' conference in front of Judge Louis L. Stanton on November 26, 2007, an Order was issued by Judge Stanton as follows:

    1.    Plaintiffs shall provide the following documents and information on or before December 17, 2007:

        a. A list of all individuals involved in the investigation of the Defendants in the above-captioned action, including the attorney(s) and other individuals who trained Ms. Horowitz and Ms. Sherman;

        b. All source materials and/or standards utilized by Plaintiffs to determine which individuals and/or entities are placed on the call lists used by Plaintiffs' investigators to contact potential defendants, except that Plaintiffs may redact from the documents produced, the names of any individuals or entities besides Defendants in the above-captioned action;

        c. All documents containing instructions, notes, and/or comments to Plaintiffs' investigators regarding the strategy and manner of conducting telephone interviews with the Defendants in the above-captioned action; and

2. Plaintiffs shall produce the following individuals for depositions:

    a. Nina Sherman;

    b. Emma Gottlieb;

    c. Ralph Sutton; and

    d. Serena Horowitz; and

3. To the extent Plaintiffs withhold any document on the basis of privilege, Plaintiffs shall produce to Defendants a privilege log. Further, to the extent that Plaintiffs have any doubts regarding whether a certain document is privileged, Plaintiffs shall deliver such document to the Court for an *in camera* review.

SO ORDERED:

_____        _____
           Date                                                   Hon. Louis L. Stanton, U.S.D.J.