EXHIBIT 26

INGBER & GELBER, LLP

COUNSELLORS AT LAW

181 MILLBURN AVENUE, SUITE 202

P.O. BOX 7

MILLBURN, NEW JERSEY 07041

MARK J. INGBER*

OF COUNSEL
DALE L. GELBER**(973) 564-6212
STEVEN P. LOMBARDI

*MEMBER NJ & NY BAR
** MEMBER NJ & FL BAR

TEL: (973) 921-0080
FAX: (973) 921-0021
E-MAIL: INGBER.LAW@VERIZON.NET

MARTIN GELBER
(1944-2005)

December 12, 2007

**VIA FEDERAL EXPRESS**
Honorable Judge Louis L. Stanton, U.S.D.J.
Chamber of Judge Stanton
U.S. Southern District Court of New York
500 Pearl Street
New York, NY 10007

  **RE:** Re: Lyons Partnership, L.P., et al v. Party Art
     Productions, Inc., Roberta Herman, Philip Herman, Magic
     Agency, Inc. and Carol Shelley Carroll, et al; S.D.N.Y,
     Civil No. 07-7121 (Judge Stanton)

Dear Judge Stanton:

  We are counsel to the above named Defendants. This letter is
submitted on behalf of all of the Defendants in this lawsuit in
response to the December 10, 2007 letter of Plaintiffs' counsel to
Your Honor.

  Three attorneys representing the Defendants were present at
the November 26, 2007 conference before Your Honor and all three of
us agreed on what Your Honor Ordered, namely that Plaintiffs must
present a list of all individuals involved in their investigation
program, and produce for deposition anyone with a connection to our
respective clients, not only investigators or trainers, but the
persons who were involved in developing the program. This included
all of the individuals named on Plaintiffs' counsel's Confidential
Memorandums of August 1, 2005, including Lisa Digernes an attorney
in Plaintiffs' counsel's Law Firm.

  Plaintiffs' counsel, however, is now reneging on the inclusion
of Lisa Digernes in the proposed Order contending, that although
Ms. Digernes was named in said Confidential Memorandums, "she is a
transactional attorney, was not involved in investigator training
and she had no contact with defendants." Accordingly, Plaintiffs
do not want to produce her "at this time" and offer to "discuss" at
a later time "whether a deposition is needed or a less disruptive
discovery method can be utilized."

Defendants do not accept Mr. Kaplan's unsworn averments here in place of the testimony of Ms. Digernes. Defendants want her sworn explanation of why her name appears in the Confidential Memorandum and what actions she took in connection with the investigations, not Mr. Kaplan's unsworn proffer on the subject. We believe that Ms. Digernes' testimony is squarely within the scope of Your Honor's November 26, 2007 ruling regarding the initial round of depositions.

Moreover, as Attorney Pinnisi[1] has aptly pointed out in the attached December 7, 2007 email to Plaintiffs' counsel,

"After all the time of my clients that has been wasted by lawyers of the Plaintiffs' firm, I am not sympathetic to Mr. Kaplan's plea to respect Ms. Digernes' time. And actually it is not her time that is at issue, but rather, whether Plaintiffs' firm loses her productivity for the day. On that point, I have even less concern."

Additionally, in view of Plaintiffs dilatory tactics, we agree with Mr. Pinnisi that we should "discuss and reserve deposition dates after we have a discovery order from the Court and after we receive the Court mandated discovery from Plaintiffs.

In conclusion, it was perfectly reasonable of the Court to require Plaintiffs to disclose all persons involved in the investigation program at the November 26, 2007 conference, as they all are potential witnesses in this case. We are not aware of Mr. Kaplan having any authority we know of, under FRCP 26 or otherwise, to deny Defendants the names of fact witnesses of this kind. Certainly, if they are not identified now, they must be identified later, so it seems efficient to get this done now.

---

[1]

Mr. Pinnisi has requested that we notify the Court that he is traveling and given his current travel schedule it is not possible for him to attend the conference on such short notice and has requested that we forward his December 7 e-mail correspondence with all counsel. See attachment.

Defendants submit the attached proposed Order for Your Honor's consideration, which we respectfully submit reflects the Court's rulings at the November 26, 2007 conference.    We also request that the Court have a stenographer present at the Friday, December 14, 2007, conference.


Respectfully submitted,

INGBER & GELBER, LLP

By:    Mark J. Ingber


Encl.


cc: Gary Adelman, Esq., w/encl. (Via Email)
    Brian Greenfield, Esq., w/encl. (Via Email)
    Michael Pinnisi, Esq., w/encl. (Via Email)
    Matthew Kaplan, Esq., w/encl. (Via Email)


MI:lb

LETTER TO JUDGE STANTON CONCERNING DISCOVERY  CONFERENCE 12 12 07.wpd

## Mark Ingber

| | |
|---|---|
| **From:** | "Michael D. Pinnisi" <mpinnisi@pinnisianderson.com> |
| **To:** | "'Matthew Kaplan'" <mkaplan@cdas.com>; "'Mark Ingber'" <ingber.law@verizon.net>; "'Gary Adelman'" <gary@bartonesq.com>; <brian.greenfield@gprlaw.com> |
| **Cc:** | <tbutterfield@cdas.com> |
| **Sent:** | Friday, December 07, 2007 5:47 PM |
| **Subject:** | RE: Lyons/Party Art - Revised Order |

To all, in response to Mr. Kaplan's arguments:

Regarding the proposed deposition of Ms. Digernes, the Save the Date Defendants do not accept Mr. Kaplan's unsworn averments here in place of the testimony of Ms. Digernes. I want her sworn explanation of why her name appears in the memo and what actions she took in connection with the investigations, not Mr. Kaplan's unsworn proffer on the subject. I am told that this is squarely within the scope of Judge Stanton's ruling regarding the initial round of depositions, and to the extent that is correct, please note that my clients do not waive or otherwise compromise this right. After all the time of my clients that has been wasted by lawyers of the Plaintiffs' firm, I am not sympathetic to Mr. Kaplan's plea to respect Ms. Digernes' time. And actually it is not her time that is at issue, but rather, whether Plaintiffs' firm loses her productivity for the day. On that point, I have even less concern.

Regarding identification of all participants in the investigation, it seems perfectly reasonable to require Plaintiffs to disclose all such persons, as they all are potential witnesses in this case. Mr. Kaplan has no authority I know of, under FRCP 26 or otherwise, to deny Defendants the names of fact witnesses of this kind. Certainly, if they are not identified now, they must be identified later, so it seems efficient to get this done now. With regard to the specifics of what Judge Stanton said on this subject, I must defer to those who attended the conference.

Next conference, I suggest that we implore the Court to have a stenographer present, as I tire of hearing that Plaintiffs' counsel recalls events differently than everyone else who was present at every gathering.

Michael D. Pinnisi
Pinnisi & Anderson, LLP
Bank of America Building
111 N. Tioga St., Suite 200
Ithaca, New York 14850
Phone: (607) 257-8000
Facsimile: (607) 257-0990
www.pinnisianderson.com

This message and any attachments are intended only for the specific addressee(s) identified above. This may include information that is privileged, copyrighted, or otherwise confidential. Unauthorized use or distribution of any portion hereof is strictly prohibited and may be

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LYONS PARTNERSHIP, L.P., et al.

                                     No. 07 Civ. 7121 (LLS)

                       Plaintiffs,


          -against-

                                    **ORDER**

PARTY ART PRODUCTIONS, INC. et al.

                                   ELECTRONIC CASE


                          Defendants.
-------------------------------------------------------------------X

      **WHEREAS,** pursuant to the parties' conference in front of Judge Louis L. Stanton on November 26, 2007, an Order was issued by Judge Stanton as follows:

      1.    Plaintiffs shall provide the following documents and information on or before December 17, 2007:

                a.  A list of all individuals involved in the investigation program, including but not limited to those individuals directly involved in the investigation of the Defendants and/or communications with the Defendants, and/or all individuals who have trained the investigators, including but not limited to any attorneys and or investigators;

                b.  All source materials and/or standards utilized by Plaintiffs to determine which individuals and/or entities are placed on the call lists used by Plaintiffs' investigators to contact potential defendants, except that Plaintiffs may redact from the documents produced, the names of any individuals or entities besides Defendants in the above captioned action;

    c. All documents containing instructions, notes, and/or comments to Plaintiffs' investigators regarding the strategy and manner of conducting telephone interviews with the Defendants; and

2.    Plaintiffs shall produce the following individuals for depositions:

    a. Nina Sherman;

    b. Emma Gottlieb;

    c. Ralph Sutton;

    d. Lisa Degernes; and

    e. Serena Horowitz; and

    f. Mason Weisz.

3.    To the extent Plaintiffs withhold any document on the basis of privilege, Plaintiffs shall produce to Defendants a privilege log. Further to the extent that Plaintiffs have any doubts regarding whether a certain document is privileged, Plaintiffs shall deliver such documents to the Court for an in camera review by the Court.

Dated: New York, NY          BARTON, BATON & PLOTKIN, LLP

    December ___, 2007

                      By: _____

                          Gary Adelman, Esq.
                          *Attorneys for Defendants Party Poopers, Inc. and Marla Mase*
                          420 Lexington Ave., Suite 1830
                          New York, NY 10170
                          E-mail: gary@bartonesq.com

2

Dated: New York, NY                         COWAN, DEBAETS, ABRAHAMS &
      December ___, 2007              SHEPPARD, LLP


By: _____
        Matthew A. Kaplan, Esq.
        *Attorneys for the Plaintiffs*
        41 Madison Ave., 34th Floor
        New York, NY 10010
        E-mail: mkaplan@cdas.com


Dated: New York, NY                         GREENFIELD, PUSATERI & RUHL
      December ___, 2007


By: _____
        Brian Greenfield, Esq.
        *Attorneys for Defendant Eric Silvey d/b/a*
        *Eric Silvey Entertainment*
        626 Rexcorp Plaza
        Uniondale, NY 11516
        E-mail: brian.greenfield@gprlaw.com


Dated: New York, NY                         INGBER & GELBER, LLP
      December___, 2007


By: _____
        Mark J. Ingber, Esq.
        *Attorneys for Party Art and Madic Agency*
        181 Millburn Ave.
        Milburn, NJ 07041
        E-mail: ingber.law@verizon.net


Dated: New York, NY                         PINNISI & ANDERSON, LLP
      December ___, 2007


By: _____
        Michael Pannisi, Esq.
        *Attorneys for Save the Date*

3

11 North Tioga, Suite 200
Ithaca, NY 14850
E-mail: mpinnisi@pinnisianderson.com

SO ORDERED:

_____          _____
                Date                                         Hon. Louis L. Stanton, U.S.D.J.