# EXHIBIT 27

```
                         7CEAALYOC.txt
                                                              1
     7CEAALYOC               Conference
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   LYONS PARTNERSHIP, LP,
 3
 4              Plaintiff,
 4
 5         v.                           07 CV 7121 (LLS)
 5
 6   PARTY ART PRODUCTIONS, INC.,
 6
 7              Defendant.
 7
 8   ------------------------------x
 8                                      New York, N.Y.
 9                                      December 14, 2007
 9                                      12:00 p.m.
10
10   Before:
11
11                  HON. LOUIS L. STANTON,
12
12                                      District Judge
13
13                       APPEARANCES
14
14   COWAN DEBAETS ABRAHAMS & SHEPPARD, LLP
15        Attorneys for PLAINTIFF Lyons
15   BY:  MATTHEW A. KAPLAN
16
16   INGBER & GELBER, LLP
17        Attorneys for Defendant Party Art
17   BY:  MARK J. INGBER
18
18   BARTON BARTON & PLOTKIN
19        Attorneys for Defendant Party Poopers
19   BY:  GARY PHILIP ADELMAN
20
21
22
23
24
25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
                                                              2
     7CEAALYOC               Conference
 1        (Robing room)
 2        THE COURT:  In a communication dated Saturday,
 3   December 1 it was Mr. Pannisi who said that "given
 4   Ms. Sherman's known conduct her vacation plans are irrelevant
 5   to me. If we can proceed with her deposition before January
 6   13th she'll have to change her plans. If you can't arrange
 7   that you'll have to explain your inability to produce your
 8   witness to the judge".
 9        And I am the judge and I am wondering whether
10   Mr. Pannisi is availability.
11        MR. INGBER:  I am sorry, your Honor. I don't know. I
12   can't tell you anything further on it.
13        MR. ADELMAN:  I don't know any of the facts as far as
                              Page 1
```

```
                              7CEAALYOC.txt
     14    why he is not here.  I do know that I feel the same way he does
     15    which is we seem to be dragged back here every time.
     16    Nonetheless, I am here so I can't say anything about that.  But
     17    I don't know where he is, so I can't give an excuse for him but
     18    I think that the three of us are more than competent to
     19    handle -- the arguments are the same among the four defendants.
     20    Other than that I think I am going to be quiet right now.
     21             THE COURT:  You were saying you were dragged back.
     22             MR. ADELMAN:  The reason I said we were dragged back
     23    was because I took very what I thought were very copious notes
     24    and I personally discussed a number of the issues.  We had a
     25    discussion between myself and your Honor and I thought I
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                         3
          7CEAALYOC                   Conference
      1   drafted a very succinct, clear order and we seemed to continue
      2   to argue over what I would consider minutia primarily because
      3   the one issue I thought was clear which was that the plaintiffs
      4   were to give us a list of the investigators and it was not just
      5   the investigators that talked to our clientele but that had a
      6   direct lineage to those investigators either training or
      7   drafting the scripts.
      8             Ms. Deagerness who the second point was I asked for
      9   her deposition, she is on a confidential memorandum that
     10   addresses I believe the scripts and some of the issues that
     11   relate to our clients directly.  The plaintiff's response to
     12   both of those things were that we don't -- basically, the first
     13   one is that we don't have to give you a list which I think
     14   Ms. Pannisi brought up a good point which is that they are fact
     15   witnesses.
     16             The second thing is they felt that we were going to
     17   waste our time with Ms. Deagerness and that we could get the
     18   same information out of the other lawyer whose name alludes me.
     19             My response to that is, I need the list of witnesses
     20   to prepare my questions.
     21             THE COURT:  Sutton?
     22             MR. ADELMAN:  My question especially for Mr. Sutton
     23   and I am going to ask Mr. Sutton about all the investigators
     24   that involved my client and about who drafted the scripts and
     25   things like that.  And I think having the names of those people
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                         4
          7CEAALYOC                   Conference
      1   in advance are important so that we could ask him directly who
      2   they are.
      3             And it's important for us to depose Ms. Deagerness
      4   because quite frankly we don't know exactly what she did, but
      5   we know she was on a confidential important memorandum and I
      6   agree with Mr. Pannisi to the affect that I don't want to just
      7   take Mr. Sutton's or the plaintiff's word that she had nothing
      8   to do with it.  I just want to hear it out of her own mouth.
      9   My client is willing to pay for that deposition.  And I said in
     10   my e-mail that if her deposition was only ten minutes and if it
     11   was four questions and she answered no to all of them then we
     12   gone.  That's it.
     13             I think this conference is wasting more time than that
     14   deposition would.  That was my whole point to that and that's
     15   why I made the, I apologize for the way I said it, the comment
     16   that we were dragged here.
     17             THE COURT:  Let me tell you what, I don't resent the
     18   words "dragged to" because I am administering the case the way
                                    Page 2
```

7CEAALYOC.txt

I think is right anyway. But if they reflect a feeling of resentment at being here because you think the case is being over conferenced then I would take that into account in administering the case. I am trying to get it to go faster in getting to the facts and I am very sensitive to either party shadow boxing or using technicalities to extend what ought to be a fast straightforward process. And I thought when I set up

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5

7CEAALYOC                Conference

this conference that the points remaining at issue at the time I did that were so small that they'd inevitably be resolved by counsel beforehand. And the fact that they aren't in itself makes the conference useful in my mind in keeping the thing going, but I don't, in any case, want to over conference.

   I recognize the burden to the lawyers and their clients and I wouldn't have even commented on Mr. Pannisi's absence were it not for the tone in his communications which indicates to me the kind of attitude that counsel should not be expressing towards or against each other.

   MR. ADELMAN: I agree with that last point and I don't think that you are over conferencing at all. In fact, for me I am -- and I am usually in this court anyway on a fairly daily basis even though my client has to pay for this. I think I agree with you as far as I think Mr. Pannisi over stepped a little bit as far as what his tone was but I think he is as frustrated as we are. And to a certain degree, not his tone, but his words reflect all of our feelings which is we just want to get forward.

   By the way, I mean I'll just mention this is that I think the discovery that was due to us was obvious. You were a source material which to date I haven't received. We are arguing about the depositions in the list. Why couldn't I have received that yet? It's things like that that Mr. Pannisi was just expressing and having spoken to Mr. Pannisi extensively on

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6

7CEAALYOC                Conference

the telephone about the case. Rather than about the attitude of the plaintiffs or anything else I've kind of tried to start taking the lead here, which is why I drafted the order myself. I am trying to be unemotional about it, just straightforward and that's way thought I did with my order.

   THE COURT: Yes. The function of the lawyers -- this ought to be the last word on that topic -- but the function of the lawyers is to absorb the pressure between clients and the needs of the case and everything else.

   MR. ADELMAN: Agreed.

   THE COURT: That's what makes the practice of law such fun.

   MR. ADELMAN: Colorful.

   MR. INGBER: The defendant's counsel strongly believes that the reason that plaintiffs are trying to narrow a list is because we suspect that the particular attorneys involved in this case, not just Mr. Sutton but, perhaps, Mr. Kaplan or Mr. Butterfield were involved in the investigation program. Doesn't seem like a very large stretch and this is based in some part in an effort to counter our prior discussions about disqualification of the attorneys.

   THE COURT: Well, your beliefs are your own. When you support them with facts and evidence I'll be interested in

Page 3

```
                              7CEAALYOC.txt
   24     them.
   25             Mr. Kaplan, you've heard what brings us together.
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                        7
          7CEAALYOC              Conference
    1             MR. KAPLAN:  Yes.  And I think that Mr. Ingber's last
    2     point is really crystallizing what the problem is here.  Your
    3     Honor, at post both the initial conference and at the last
    4     conference I believe which was November 26 wanted to have this
    5     limited discovery to see how did we get to these defendants and
    6     then test how what happened during the investigation, limiting
    7     it to the investigation of these defendants.  The order that
    8     was created that Mr. Adelman had provided to us wanted a list
    9     of names of everybody in the investigation program.
   10             That's going beyond what your Honor had ordered.  Your
   11     Honor wanted to limit it, wanted to make it narrower to get to
   12     a point where your Honor, at least my impression is that, your
   13     Honor wanted to get everyone to a point where we could see that
   14     the investigation program was proper and permit then plaintiff
   15     to go ahead with its case in chief which is what this case is
   16     about.  This case is about defendant's infringement of
   17     plaintiff's intellectual property rights.
   18             Defendants have not given me dates to try to schedule
   19     depositions.  We could have gone, we could have moved forward
   20     at least with getting dates.  But I don't think they want to.
   21     What they want to do is keep expanding and pulling other people
   22     in.  The order that was provided to your Honor in Mr. Ingber's
   23     letter contains another name that wasn't even provided in Mr.
   24     Adelman's original order to me which we were attempting to work
   25     through.  They want to now depose Mason Weiss, another
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                        8
          7CEAALYOC              Conference
    1     attorney.  They want to depose or go after all of the
    2     investigators and that's not, that's expanding everything.
    3             They are trying to avoid the case, our case in chief.
    4     They are trying to avoid every reason why we're in court today
    5     and if what defendant's have said and is true that oh, our
    6     clients are small and everything, they're taking a litigation
    7     strategy of trying to depose the world and that's not an
    8     economic use of time that's not an efficient use of time.  And
    9     with regard to Ms. Deagerness plaintiff's sole point in
   10     suggesting that she not be part of the order to be produced for
   11     deposition is that her involvement was limited in the
   12     investigation.  She wasn't even in contact with any of the
   13     defendants.  Take the deposition of Mr. Sutton, the attorney
   14     who was --
   15             THE COURT:  What were her contracts with the
   16     investigators?
   17             MR. KAPLAN:  Again, I believe they were limited.  She
   18     was not involved in the investigator training.
   19             THE COURT:  Well, they're interested in that topic.
   20             MR. KAPLAN:  Again, my suggestion was is take the
   21     deposition of the investigators, take the deposition of
   22     Mr. Sutton.  If it's only three or four questions, perhaps,
   23     it's another discovery device except for having a full day of
   24     depositions or even a half day of depositions, dragging her out
   25     of her office and what have you, when there could be other ways
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                        9
                                   Page 4
```

```
                              7CEAALYOC.txt
         7CEAALYOC                 Conference
 1       of getting to that information which they could get the same
 2       thing but for a less disruptive manner of doing it.
 3                THE COURT:  How long ago did you say the depositions
 4       should be taken?
 5                MR. KAPLAN:  That was part of one of the first, that
 6       was part of the initial conference where you had suggested that
 7       we provide dates originally to defendants, I believe, November
 8       19th.  We got complaints that they weren't on the same day,
 9       then we had some they wanted more evidence.
10                THE COURT:  My question was, how long ago was it?
11                MR. KAPLAN:  November 9th, I believe, was the initial
12       conference.
13                THE COURT:  You think I am going to hear reargument
14       now as to whether there should be depositions?
15                MR. KAPLAN:  No.  I --
16                THE COURT:  Well, then don't waste time on it.  That's
17       the discovery device that should be used.
18                MR. KAPLAN:  Okay, your Honor.
19                THE COURT:  On the points at issue the narrow points I
20       think they do grow out of two big sources of problems in
21       litigation.  One is the interests of the different parties and
22       the other is a genuine difference of recollection about what
23       happened at a conference.
24                The defendants' proposed order which starts with a
25       request for a list of all individuals involved in the
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                       10

         7CEAALYOC                 Conference
 1       investigation program including, but not limited to, those
 2       individuals directly involving investigation of the defendants
 3       and so forth misconstrues what I said at the conference.
 4                I think at an earlier conference the defendants refer
 5       to a desire to lay the basis for a class action brought on
 6       behalf of all peoples similarly situated.  And may still
 7       entertain a desire to use this case to develop evidence to
 8       support that.  And I have tried to keep it clear, not very
 9       successfully, that at this stage in this case it was not going
10       to be used for that purpose.
11                If there is some ambiguity in what I am saying I would
12       like to hear it now and clarify anything because I am not
13       really looking forward to having say it again
14                MR. ADELMAN:  I think that as I wrote the order I
15       should address that.  I believe that I was confused because it
16       was my understanding that we were, that the depositions
17       themselves were to be limited in that respect.
18                THE COURT:  I am not at this point dealing with that.
19                MR. ADELMAN:  I'm sorry.
20                THE COURT:  I am dealing with any misconception about
21       the purpose of what we're doing now.  It has a single
22       purpose --
23                MR. ADELMAN:  I agree, your Honor.
24                THE COURT:  -- to determine the facts about these
25       defendants, not others, and if there is anything ambiguous in
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                    (212) 805-0300
                                                                       11

         7CEAALYOC                 Conference
 1       what I am saying I would like the questions now.
 2                MR. ADELMAN:  I think it's crystal clear.  That's why
 3       I asked for that list so that I could ask the deponents about
 4       those people to eliminate them, I guess, as investigators or as
                                    Page 5
```

```
                            7CEAALYOC.txt
 5      people who worked on the investigation of my client because
 6      right now all that's happening is we're being told it was
 7      investigated, who investigated my client. We're being told who
 8      contacted my client. I did not want to depose everybody on
 9      that list. I only wanted to depose the limited amount of
10      people that I requested.
11              What I thought was fair and within what your Honor's
12      sole focus was to get a list of the investigators in the
13      program to eliminate those investigators as people who are not
14      in contact with my client and that could be done solely by
15      talking to Mr. Sutton and saying, here are the people on the
16      list, which of these personnel. Or maybe Mr. Kaplan is right
17      on this point is which is maybe we could do that sole question
18      by interrogatory. I am not --
19              THE COURT: The answer is short, is no.
20              My own contemporaneous note after our last conference
21      and the note is dated November 26, it may have been within a
22      day or two of the conference, but records that I directed that
23      defendants were entitled to examine the investigators who
24      contacted them and those who trained the investigators who
25      contacted them including Ralph Sutton and Emma Gottlieb and
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                          12
        7CEAALYOC                    Conference
 1      that the defendants were entitled to a list of the people who
 2      trained the investigators who contacted them. And I have no
 3      intention of having either you or me expand those categories.
 4      I am clear that it's an honest error. I am not saying anything
 5      else. But actually the plate is out of the barrel at that
 6      point
 7              MR. ADELMAN: Fair enough.
 8              THE COURT: That means that the order that I'll sign
 9      is essentially the plaintiff's order and change it to -- well,
10      we have to deal with Ms -- what is her name? Deagerness. We
11      have to deal with her, but otherwise the plaintiff's order as
12      it stands except for paragraph 3 which I think can be expanded
13      to include something else that we did go into at the last
14      conference and I am thinking of changing -- do you have a point
15      about the privilege? Plaintiffs shall identify any document
16      withheld on the basis of privilege on a privilege log together
17      with the facts establishing privilege. Except for such
18      documents, plaintiffs shall certify to defendants in writing
19      that all the e-mails and other documents in plaintiff's
20      possession relevant to the motion for sanctions or
21      disqualification have been supplied to them with any exceptions
22      clearly set forth.
23              That was, I think we did go over and I think you are
24      entitled to.
25              Now, what about Mr. Gurns? Her name is on the
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                          13
        7CEAALYOC                    Conference
 1      confidential memorandum. They want to know how it got there
 2      and what the subject of the memorandum, the facts that it's
 3      confidential also always make a some -- it always turns out to
 4      be extremely dull. That's like reading somebody else's mail.
 5      It's so boring, but we have to do it. And I think that there
 6      may be a short deposition and think you should take it and
 7      there shouldn't have been a -- it does take more time to come
 8      here and discuss it than it does to get it done.
 9              MR. INGBER: Your Honor, at one of the prior
                                    Page 6
```

```
                           7CEAALYOC.txt
10       conferences we did mention their attorney Mason Weiss as
11       someone who had contacted my clients and it was inadvertently
12       left off the initial order, proposed order that Mr. Adelman had
13       presented to Mr. Kaplan.  So in submitting to the Court I did
14       add his name because of those issues it was inadvertently left
15       off.
16                 THE COURT:  It's on the one attached to your letter of
17       December 12?
18                 MR. INGBER:  Yes, your Honor.
19                 THE COURT:  What were the conversations between him
20       and your client about?
21                 MR. INGBER:  He was calling my client, from what my
22       client is telling me, every week trying to tell them that they
23       that they committed infringement, that they committed these bad
24       acts that the plaintiffs are claiming and that they have to pay
25       the settlement money and calling every week.  I did put it in
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                        14
         7CEAALYOC                Conference
 1       the -- I did reference him in the sanction motion.  It's in the
 2       declaration for my client, your Honor, Ms. Roberta Sherman
 3       about her actions, about his actions to her.
 4                 If you want I can I have that at hand.
 5                 THE COURT:  No, that refreshes me.
 6                 MR. INGBER:  Okay.  That was the reason why we need
 7       his deposition.  He was directly involved in this investigation
 8       program in speaking to my clients and he is a fact witness.
 9                 THE COURT:  Do you happen to know whether he ever
10       asked whether she was represented by counsel?
11                 MR. INGBER:  I don't know.
12                 THE COURT:  Mr. Kaplan.
13                 MR. KAPLAN:  Yes, he would have asked.
14                 THE COURT:  Not would have.
15                 MR. KAPLAN:  He was, he had called her, this was after
16       the cease and desist settlement packages were sent out.  She
17       did not respond -- she did not respond to it.  He was calling
18       her to find out whether she was going to retain counsel and to
19       see whether some sort of settlement could be arranged.  He did
20       not call every week.  He was calling to determine whether some
21       sort of settlement could be worked out.
22                 THE COURT:  I think we'd better have his deposition.
23       Not so much that it bears directly on the point of the
24       investigation but because if it isn't determined what he said
25       and when it'll be a sore point for the whole rest of the case
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
                                                                        15
         7CEAALYOC                Conference
 1       anyway.  And if he over stepped which from the tone of those
 2       settlement demands that wouldn't be beyond imagination, then
 3       the scope of the over step and it's better to have it clear
 4       early so it can be assessed accurately and gotten out the way.
 5       So let's do that now.  I'll add his name to the list.
 6                 MR. INGBER:  Thank you, your Honor.
 7                 THE COURT:  I'll have the order out probably by the
 8       end of the afternoon.
 9                 MR. ADELMAN:  Can I say one thing?
10                 THE COURT:  Yes.
11                 MR. ADELMAN:  I withdraw the word "dragged".
12                 THE COURT:  Oh, no, don't.  I don't resent it.
13                 MR. ADELMAN:  I do.  I must.
14                 THE COURT:  It is spoken with a pure heart.  Don't
                                   Page 7
```

```
                              7CEAALYOC.txt
15    worry about that.
16              MR. ADELMAN:  I thought this was very helpful so.  I
17    can admit when I am wrong.
18              MR. INGBER:  Coming from New Jersey I do appreciate
19    your sense of timing and, thankfully, you didn't call this for
20    yesterday.
21              THE COURT:  The weather?  Well, we work within the
22    weather's limits as much as we can.  Thanks so much.  I hope it
23    does better and quicker.
24              Oh, by the way, since it has taken so much time I am
25    lifting any stay of the plaintiff investigating or conducting
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                     16
      7CEAALYOC                Conference
 1    discovery of the defendant's case on the merits other than the
 2    actual conduct if that was issued.  In other words, if you want
 3    to proceed by interrogatories which I think might be quite
 4    useful in this case you are free to do it.  Okay.
 5              MR. KAPLAN:  The exchange of initial disclosures as
 6    well?
 7              THE COURT:  Yes.
 8              MR. KAPLAN:  Thank you.
 9              THE COURT:  Thank you.  That as well.  Okay.
10              MR. KAPLAN:  When should those disclosures be made by?
11              THE COURT:  By the time set in the Federal Rules of
12    Civil Procedure.  You are free to do that.
13              MR. KAPLAN:  Okay.  Thank you, your Honor.
14              MR. INGBER:  You are likewise free?
15              THE COURT:  Yes, you are likewise free.
16              MR. INGBER:  Thank you.
17              THE COURT:  On or about December 17?
18              I don't want this first round of depositions to be
19    encumbered, but lawyers could be exchanging the papers and
20    otherwise discovery can go forward.
21                                o 0 o
22
23
24
25

                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300

                                   Page 8
```