UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYONS PARTNERSHIP, L.P. AND HIT ENTERTAINMENT, INC.,

                          Plaintiffs,

- v -

PARTY ART PRODUCTIONS INC., ROBERTA HERMAN, PHILIP HERMAN, PARTY POOPERS, INC., MARLA MASE, 57TH STREET PARTY CORP. d/b/a SAVE THE DATE, JENNIFER GILBERT, THE MAGIC AGENCY INC., SHELLEY CARROLL, ERIC SILVEY d/b/a ERIC SILVEY ENTERTAINMENT,

                          Defendants.

**DECLARATION OF BRIAN. J. GREENFIELD**

ECF CASE 07-CIV-7121

(JUDGE STANTON)

I, BRIAN J. GREENFIELD, declare as follows:

1. I am member of Greenfield, Pusateri & Ruhl, attorneys for Eric Silvey d/b/a Eric Silvey Entertainment ("Silvey"), referenced herein as "Defendant" in the above-captioned action. I make this declaration in opposition to Plaintiffs' Motions for Reconsideration of Order Permitting Depositions of Counsel, and for a Protective Order. The statements made below are true of my own personal knowledge and if called upon to testify, I could and would competently testify thereto.

2. The court directed at the November 26, 2007 conference that defendants were entitled to examine the investigators who contacted them and those who trained the investigators who contacted them including Ralph Sutton, Emma Gottlieb and Lisa K. Digernes and that the defendants were entitled to a list of the people who trained the investigators who contacted them.

3.  Plaintiff's counsel at the 12/14/07 hearing made no objections to the scope of depositions other than as to privileged material and **_agreed_** to produce Mr. Sutton for a deposition and **_agreed_** to have Ms. Digernes questioned but contrary to the courts directive from the November 26, 2007 conference suggested the use of a non-deposition device for her questions:

> "MR. KAPLAN: Again, my suggestion was is take the deposition of the investigators, take the deposition of Mr. Sutton. If it's only three or four questions, perhaps, it's another discovery device except for having a full day of depositions or even a half day of depositions, dragging her out of her office and what have you, when there could be other ways of getting to that information which they could get the same thing but for a less disruptive manner of doing it.
>
> THE COURT: How long ago did you say the depositions should be taken?
>
> MR. KAPLAN: That was part of one of the first, that was part of the initial conference where you had suggested that we provide dates originally to defendants, I believe, November 19th. We got complaints that they weren't on the same day, then we had some they wanted more evidence.
>
> THE COURT: My question was, how long ago was it?
>
> MR. KAPLAN: November 9th, I believe, was the initial conference.
>
> THE COURT: You think I am going to hear reargument now as to whether there should be depositions?
>
> MR. KAPLAN: No. I -
>
> THE COURT: Well, then don't waste time on it. That's the discovery device that should be used.
>
> MR. KAPLAN: Okay, your Honor."

4.  With regard to the testimony of Mason Weisz, contrary to the position of Plaintiff's counsel that "Defendants made no showing of legal or factual relevance or of necessity" of this deposition as well as the depositions of the other witnesses, this issue was fully discussed at the December 14, 2007 conference and Plaintiff's counsel had the opportunity to be heard at that time. Counsel has not set forth any arguments in opposition to the court's order which counsel could not have made at the three previous conferences which resulted in the court's order. The Plaintiff has not set forth any reason why these witnesses should not be deposed.

5.  Plaintiff's counsel has not set forth how the court did not, following three conferences at which at least one and sometimes two of Plaintiff's counsel had a full opportunity to be heard, "take into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship."

6.  Furthermore, Plaintiff's counsel has failed to set forth which if any of the "Friedman factors" were brought to the court's attention and not considered.

7.  As the court is aware the alleged conduct of the defendant which is the basis of this claim was set into motion by employees of the Plaintiff's law firm.

8.  If the Plaintiff company itself, through the actions of it's employees, had taken the steps taken instead by the employees of its attorneys, there would be no issue here that the depositions of those Plaintiff company employees was relevant, material and necessary.

9.  Instead, the Plaintiff *chose to* have it's attorneys' employees take those actions. They should not now be permitted to claim that they have special rules for their discovery because they are employed by the law firm.

10. A copy of the transcript of the December 14, 2007 conference is attached hereto as Exhibit "A".

11. For the reasons stated above, the Defendant requests that the Plaintiff's motion be denied and that the order stand.

12.    I declare under the Penalty of Perjury under the Laws of the United States that the foregoing is true and correct.

*[signature]*

Brian J. Greenfield

Respectfully submitted,

Dated: January 18, 2008

ERIC SILVEY d/b/a ERIC SILVEY ENTERTAINMENT   by
his attorneys

GREENFIELD, PUSATERI & RUHL

By: *[signature]*

Brian J. Greenfield (BG-7186)
626 Rexcorp Plaza
Uniondale, New York 11556
Telephone: (516) 522-2565
Facsimile: (516) 522-2566