Gary Adelman (GA7138)
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK
1345 Avenue of the Americas
31st Floor
Tel: 212.603.6300
Fax: 212.956.2164
*Attorneys for Defendants*
*Party Poopers, Inc. and Marla Mase*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LYONS PARTNERSHIP, L.P. AND HIT
ENTERTAINMENT, INC.,

                                Plaintiffs,

      v.

PARTY ART PRODUCTIONS INC., ROBERTA
HERMAN, PHILIP HERMAN, PARTY POOPERS,
INC., MARLA MASE, 57TH STREET PARTY
CORP. D/B/A SAVE THE DATE, JENNIFER
GILBERT, THE MAGIC AGENCY INC., SHELLEY
CARROL, ERIC SILVEY D/B/A ERIC SILVEY
ENTERTAINMENT,

                                Defendants.
-----------------------------------------------------------------X

Civil Action No: 07 CIV 7121
(Judge Stanton)

**ECF Case**

## MEMORANDUM OF LAW
## ON BEHALF OF DEFENDANTS PARTY POOPERS, INC., AND MARLA MASE IN
## OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER
## PERMITTING DEPOSITIONS OF COUNSEL AND FOR A PROTECTIVE ORDER

### I. PRELIMINARY STATEMENT

Defendants Party Poopers, Inc., and Marla Mase (collectively "Defendants") by their counsel Robinson Brog Leinwand Greene Genovese & Gluck, P.C., respectfully submit this opposition to Plaintiffs' Lyons Partnership, L.P. and Hit Entertainment, Inc.'s (collectively

{00370379.DOC;1}

"Plaintiffs") Motion for Reconsideration of Order Permitting Depositions of Counsel and for a Protective Order.

Plaintiffs in their motion contend that the Court overlooked controlling law when it ordered the depositions of opposing counsel and request that the Court revoke its December 17, 2007 order (the "Order"). Plaintiffs' motion should be denied, because the order is based on the Court's judicial discretion, which was properly applied by the court. The Court took into consideration all of the relevant facts and circumstances to determine whether the deposition of counsel poses an inappropriate burden or hardship. The lawyers to be deposed, Lisa Digernes, Ralph Sutton and Mason Weisz, are fact witnesses in this action. The Defendants depend on their statements in order to prove their defense of unclean hands. Lastly, prior to bringing their motion, Plaintiffs never objected to the Order.

### III. ARGUMENT

#### A. STANDARD OF REVIEW

**1. Motion for Reconsideration**

The standard for granting a motion to reargue "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Thus, the rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-2 (S.D.N.Y. 2000). Nor may the moving party use such a motion to "advance new facts, issues or

arguments not previously presented to the court." *Bank Leumi Trust Co. of New York v. Istim, Inc.*, 902 F. Supp. 46, 48 (S.D.N.Y. 1995). These limitations are designed to ensure finality, and prevent the rule from becoming a vehicle by which a losing party may examine a decision "and then plugthe gaps of the lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

### 2. Protective Order

Pursuant to Fed. R. Civ. P. 26(c) the Court may:

"for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specific terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the Court

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

The burden of showing good cause for the issuance of a protective order is on the party requesting it, i.e. the Plaintiffs.

**B. RECONSIDERATION OF THE DECEMBER 17, 2007 ORDER IS NOT REQUIRED, BECAUSE THE COURT DID NOT ERR WHEN APPLYING ITS JUDICIAL DISCRETION**

The Courts in this Circuit acknowledge that the deposition-discovery regime of the Federal Rules of Civil Procedure is extremely permissive and accordingly have treated questions involving this regime broadly and liberally. *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964). Fed R. Civ. P. 26 gives the courts a broad discretion to manage the manner in which discovery proceeds. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). The standard set forth by this Rule requires an approach that is flexible to the depositions of counsel whereby the judicial officer that supervises the discovery process takes into consideration all of the relevant facts and circumstances to determine whether the deposition of counsel poses an inappropriate burden or hardship. See *Id*. This lenient approach to the depositions of lawyers negates the assumption that an attorney is automatically immune from being deposed and furthermore does not require that alternative discovery devices are employed before such a depositions is administered. See, e.g. *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000). Overall, the courts of this district take the position that the federal rules mandate a flexible approach concerning the deposition discovery regime and believe in broad discretion of the courts to manage the discovery process. Judges may prevent depositions when the facts and circumstances are such that they create an inappropriate burden or hardship. Factors that may be considered when assessing the question of permitting the deposition of an attorney, among others, are: the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought in relation to the pending litigation, the risk of encountering privilege and work-product issues and the extent of discovery already conducted.

These factors weigh in favor of granting Defendants the right to depose the lawyers in question. First, as stated at an earlier point in this opposition, the depositions are needed in order to prove Defendants defense of unclean hands. In *Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987)* the ruling court stated that unclean hands is a defense to a Lanham Act infringement suit. Furthermore indicates that "entrapment" may be an unclean hands defense. In order to prove their affirmative defense that the Plaintiff came before this court with unclean hands, because they enticed Defendants to make certain statements that Plaintiffs allege to constitute infringement of their intellectual property rights, Defendants depend on a clear and complete factual account with respect to the circumstances of Plaintiffs modus operandi of "policing" their rights. Lisa Digernes, Ralph Sutton and Mason Weisz were all involved in the scheme that Plaintiffs' employ (the "Scheme") to, what they call, "protect" Plaintiffs' intellectual property. In order to get a clear understanding of how this scheme was planned, supervised and administered and thereby find facts that may support Defendants stance that Plaintiffs scheme renders their actions unethical and in bad faith with respect to the subject of the complaint, (i.e. the alleged rights infringement by Defendants,) Defendants depend on the depositions of Lisa Digernes, Ralph Sutton and Mason Weisz. Plaintiffs' contention that the defense of unclean hands may not be a valid defense as well as the case law they provide in that regard is not convincing. The factual background of the case at bar is decisively different from the facts of <u>Cartier v. Symbolix</u>, *Inc. 386 F. Supp. 2d 354 (SDNY 2005)*. Here, Plaintiffs did not engage private investigators in order to discover information as to possible infringements of their property rights. Rather, the law firm representing Plaintiffs in this action administered the Scheme and used its own employees to make deceiving phone calls to Defendants in order to entice them to act in a manner that allegedly lead to a violation of Plaintiffs' rights. It is

Defendants' belief that Plaintiff intentionally administers its "policing" of intellectual property rights in a fashion that is based on threatening small business with lawsuits and economical ruin and thereby coercing them into unfair settlements including exploitative settlement payments. Such conduct is unethical and would give Defendant an unclean hands defense.

In order to make the court believe that the institution of this lawsuit was made in good faith, Plaintiffs cite to <u>Brown v. Party Poopers, Inc.</u>, *2001 WL 1380536 (SDNY July 9, 2001)*. However, the factual background of this case is again readily distinguishable to the case at hand as it involved the imposition of damages upon the Defendants after a default judgment and an inquest.

Second, Plaintiffs allege that the status of the discovery proceedings weighs against the taking of depositions of the lawyers specified in the Order. They suggest that interrogatories would be a more appropriate method of attaining the information desired by Plaintiffs. However, Plaintiffs seem to overlook the fact that district courts typically treat oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories. *See <u>Mill-Run Tours, Inc. v. Khashoggi</u>, 124 F.R.D. 547, 549-50 (S.D.N.Y. 1989)*. This preference is also exemplified in Local Civil Rules 33.3 for the Southern District of New York.

Furthermore, discoverable information basically is any information that is relevant to a claim or defense. *See <u>In re Subpoena Issued to Dennis Friedman</u>, 350F.3d 65, 72 (2d Cir. 2003)*

In the case at hand, depositions are clearly the most appropriate discovery tool for Defendants purposes of obtaining information as to an unclean hands defense against Plaintiffs.

In accordance with the foregoing, it has been shown that the Plaintiffs' did not point to controlling decisions or data that the court overlooked when it ordered the depositions of the

lawyers. The Court by no means overreached its discretion in ordering the depositions. There are no indications that certain issues have not been thoroughly considered by the court.

Therefore, applying the strict standard for the reconsideration of an order, Plaintiffs motion should be denied. The fact that a denial is warranted in the case at bar becomes even more apparent when it is taken into account that at no point during the December 14, 2007 conference did Plaintiffs' counsel object to the order. Counsel had the opportunity to bring forward its objections and arguments during the conference and in light of the doctrine of judicial economy should not be allowed to relitigate these questions at this stage of the proceeding.

### C. A PROTECTIVE ORDER SHOULD NOT BE GRANTED, BECAUSE PLAINTIFFS FAILED TO SHOW GOOD CAUSE

#### 1. Preclusion from taking Counsels' Depositions

Plaintiff's request for a protective order precluding Defendants from taking the lawyers' depositions is redundant of their request for reconsideration. Defendants have demonstrated their entitlement to the depositions of the attorneys in question in their above argument with respect to the denial of the motion for reconsideration. Defendants refer to these arguments and conclude that Plaintiffs request should be denied, as it would contradict the spirit of a denial of reconsideration of the Court's Order.

#### 2. Limitation of the Depositions

The issuance of a protective order that limits Defendants in conducting depositions would clearly be premature. A "pre-deposition" limitation with respect to the questions that may be asked at the depositions could hinder Defendants from acquiring vital information that they need in order to meet the burden of proof concerning the defense of unclean hands.

Pursuant to Fed. R. Civ. P. 30(c) Plaintiffs have the right to object to any given question that they find objectionable during the deposition. Should Plaintiffs find the questions posed to the deponents at the time of the deposition to be objectionable, Plaintiffs have an ample opportunity to object at that point in time. Whether a question is objectionable or whether an answer may not be admissible at trial is a question that should be decided after the deposition took place. Thus, the limitation sought by Plaintiffs is unwarranted.

Pursuant to the foregoing arguments, Plaintiffs failed to show good cause for the issuance of a protective order. Therefore, their Motion for a Protective Order should be denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration of Order Permitting Depositions of Counsel and for a Protective Order should be denied in its entirety.

Dated: New York, New York
January 18, 2007

>                               Respectfully submitted,
>
>                               ROBINSON BROG LEINWAND GREENE
>                               GENOVESE & GLUCK, P.C.
>
>
>                               By: /s/_____
>                                   Gary Adelman (GA7138)
>                                   *Attorneys for the Defendants*
>                                   *Party Poopers, Inc. and Marla Mase*
>                                   1345 Avenue of the Americas
>                                   31st Floor
>                                   New York, NY 10105
>                                   Tel: 212.603.6300
>                                   Fax: 212.956.2164