# COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
### ATTORNEYS AT LAW

FREDERICK P. BIMBLER
TOBY M. J. BUTTERFIELD
AL J. DANIEL, JR.*
TIMOTHY J. DEBAETS
ROBERT I. FREEDMAN
ELLIS B. LEVINE
MITCHELL E. RADIN
ROBERT L. SEIGEL
J. STEPHEN SHEPPARD
RALPH J. SUTTON*
KENNETH N. SWEZEY
DAVID BRUCE WOLF
NANCY E. WOLFF

ZEHRA J. ABDI
LISA K. DIGERNES
MATTHEW A. KAPLAN⁰
M. KILBURG REEDY
MASON A. WEISZ

PHILIP M. COWAN (1943-2001)
HOWARD ABRAHAMS (1945-1996)

January 23, 2008

OF COUNSEL
ANNE C. BAKER
JUDITH A. BRESLER
JERROLD B. GOLD
ALBERT GOTTESMAN
ROGER E. KASS
MICHAEL D. REMER
ROBERT F. VAN LIEROP

CORRESPONDENT FIRM:
DONALDSON & HART
9220 SUNSET BLVD. STE. 224
LOS ANGELES, CA 90069
(310) 273-8394

*ALSO ADMITTED IN CA & DC
⁰ALSO ADMITTED IN NJ
*ALSO ADMITTED IN AR & DC

**Handwritten annotation:** The listed Exhibits B, C, D, E, G, H and I and Mr. Pinnisi's Jan. 22, 2008 Declaration shall be placed under seal until further order. A copy of this letter shall be delivered to Mr. Pinnisi at once.

So Ordered.

Louis L. Stanton
1/23/08
4:26 PM

**VIA HAND DELIVERY**
Hon. Louis L. Stanton, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 2250
New York, New York 10007

Re: **Lyons Partnership, L.P., et al. v. Party Art Prods., Inc., et al.**
    Docket No. 07-7121

Dear Judge Stanton:

Plaintiffs make this *ex parte* request[1] for the Court's immediate assistance to have Docket No. 49 and 50 (the Save the Date Defendants Memorandum of Law and Declaration of Mr. Pinnisi) removed from the public docket because they contain confidential materials and information that were produced pursuant to the Court's November 15, 2007 Confidentiality Order. That Order provides that "no party shall use or **disclose** for any purpose except this case any matters that another party has designated as confidential." (emphasis added).

Nearly all of the exhibits attached to Mr. Pinnisi's Declaration (specifically, Exhibits B, C, D, E, G, H and I) contain documents that were clearly marked "CONFIDENTIAL" by plaintiffs' counsel. Moreover, Mr. Pinnisi's Declaration contains detailed descriptions of the Confidential Documents produced to defendants, and the memorandum of law refers to types of documents attached to his declaration.

Mr. Pinnisi is plainly aware of the confidential nature of those documents, as he specifically notes that certain documents were marked "Attorneys' Eyes Only." *See* Declaration, ¶¶ 13, 15. Even though the ECF Rules specifically describe how to electronically file confidential documents under seal, Mr. Pinnisi either did not care to read those rules, or chose not to follow them.

---

[1] The request is made *ex parte* in the hope that the confidential materials will be removed or made inaccessible as quickly as possible. As Mr. Pinnisi filed his opposition papers via ECF at approximately 11:30 p.m. last night, hopefully no one has seen the documents. However, given Mr. Pinnisi's disregard of this Court's order and the confidentiality of plaintiffs' documents, plaintiffs request that the materials be removed without notice so defendants cannot warn defendants in other cases to download the materials before they are removed.

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

Hon. Louis L. Stanton, U.S.D.J.
January 23, 2008
Page 2

      Plaintiffs further request that the Court direct Mr. Pinnisi to explain why he did this and to whom he has given documents subject to the Court's confidentiality order, in order for plaintiffs to determine whether a request for sanctions against Mr. Pinnisi and/or the Save the Date Defendants or other directions are appropriate. If counsel is distributing confidential documents that are subject to Court order, or allowing the Court's ECF system to be used as a mechanism to distribute those documents to others, particularly other targets of plaintiffs' anti-counterfeiting efforts or defendants in other cases involving plaintiffs, we view that as a truly disturbing development in this case. Whatever the reason for Mr. Pinnisi's actions, we would like this ongoing violation of the Court Order stopped at once.

      Respectfully submitted,

      Matthew A. Kaplan

cc:   Toby M.J. Butterfield, Esq.

{A061246.DOC\1}