# PINNISI & ANDERSON, LLP

BANK OF AMERICA BUILDING
111 NORTH TIOGA STREET, SUITE 200
ITHACA, NEW YORK 14850
(607) 257-8000
(fax) 257-0990

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/08

January 23, 2008

To The Clerk of The Court:
Please docket and place this document in the public file.

LLS 3/18/08
Louis L. Stanton
U.S.D.J.

BY FEDERAL EXPRESS

Hon. Louis L. Stanton
United States District Judge
500 Pearl Street
New York, NY 10007

Re: Lyons Partnership, L.P., *et al.* v. 57th Street Party Corp. d/b/a Save the Date, *et al.*
U.S. District Court, S.D.N.Y. 07-CIV-7121 (LLS)(THK)

Your Honor:

I just learned through a call from your chambers that Plaintiffs' counsel made an *ex parte* application for sealing of certain papers we filed in opposition to Plaintiffs' motions, and that the Court has granted the request. Shortly after the call, I received from Mr. Butterfield an e-mail sent at approximately 5:00 p.m. advising me of these events and providing a copy of Plaintiffs' *ex-parte* letter.

I write to advise the Court that we intended at all times to comply fully with this Court's November 15, 2007 Order, and why we believe that our filing was consistent with that Order. The Order limited disclosures to those made in this case. We have made no disclosures other than in connection with this case. The Order does not include any provision for sealing of documents filed in connection with the case, and we did not interpret it to require one. Rather, I understood the opposite, to expressly permit disclosure within the case, with filing being an example of permitted disclosure, but to prohibit press releases or delivery of documents to persons who are not party to this case. To the extent we erred in interpreting your intention we regret the error, but we do not waiver in our belief that we proceeded at all times in good faith and consistent with the terms of the Order as we understood them.

Much of this was expressed in letters I provided to Plaintiffs' counsel today in response to their e-mail inquiries regarding our filing. Enclosed for the Court's reference are copies of my January 23, 2008 letters to Mr. Butterfield and Mr. Kaplan, and of their e-mails to which my letters reply. To my knowledge, Plaintiffs' counsel did not share these with the Court.

Had we been asked, we would not have opposed the sealing of our motion papers. We simply did not understand such action to be required by the Order, or by the law more generally. We take exception to the professed cause to proceed *ex parte*, as we seek only release of our client from this case, which I continue to believe to be brought in bad faith by unlawful means for the reasons set forth in my papers. We intended no broader distribution of the documents than among the Court and counsel, we took no action to cause any to occur other than the filing, and we are not aware of any having occurred. I filed as midnight approached last night because that

Hon. Louis L. Stanton            − 2 −            January 23, 2008

was all the time I had to prepare my papers, not because I had arranged for any downloading of the papers in the dark of night. If the rules permitted more time for me to draft my response, I would have used it, and filed at a more civilized hour. Indeed, even co-defendants in this case were not made aware in advance about what I intended to file. We represent no other parties who would benefit from access to documents produced in this case, we are not conspiring with anyone to channel documents out of this case to others for any reason, and we have no incentive or desire to be involved at all in any such enterprise.

I fervently hope that the issue regarding whether the papers should have been filed under seal does not detract from the merits of the arguments made in those papers, as I believe they provide what the Court has inquired about at conference, namely, evidence that this investigation scheme was conceived an executed contrary to law. It appears that Plaintiffs' counsel has adopted the strategy that an aggressive offense is a good defense, attempting to divert attention from their own misconduct by making my actions in defense of my two small clients the focus of attention rather than upon their own investigation machine that appears to be generating claims against hundreds of persons through dissemblance and inducement and more.

I will be pleased to address these issues further as the Court may direct. Thank you for your consideration of this submission.

                                               Respectfully yours,

                                               Michael D. Pinnisi

cc w/o enc.:      Matthew Kaplan, Esq.
                 Gary Adelman, Esq.
                 Brian Greenfield, Esq.
                 Mark J. Ingber, Esq.
                 Toby Butterfield, Esq.