ORIGINAL   PINNISI & ANDERSON, LLP

BANK OF AMERICA BUILDING
111 NORTH TIOGA STREET, SUITE 2
ITHACA, NEW YORK 14850
(607) 257-8000
(fax) 257-0990

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/08

February 28, 2008

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 3/18/08
Louis L. Stanton
U.S.D.J

BY FEDERAL EXPRESS

Hon. Louis L. Stanton
United States District Judge
500 Pearl Street
New York, NY 10007

Re:   Lyons Partnership, L.P., et al. v. 57th Street Party Corp., et al.
      U.S. District Court, S.D.N.Y. 07-CIV-7121 (LLS)(THK)

Your Honor:

This firm represents Defendants 57th Street Party Corp. and Jennifer Gilbert in the above-referenced action. We write to request respectfully that this Court seal a memo-endorsed letter entered in the case docket as set forth in the enclosed proposed Orders. Plaintiffs' counsel have consented in principle to the relief requested, as set forth herein.

At issue is docket entry 52, filed January 24, 2008, which is comprised of a January 23, 2008 letter to the Court from Plaintiffs' counsel ("Plaintiffs' Letter"), with a hand-written order of the Court dated January 23, 2008 ("Sealing Order"). The Plaintiffs' Letter was an *ex parte* application to seal a January 22, 2008 Declaration that was executed by the undersigned and filed in opposition to Plaintiffs' motion for reconsideration and for a protective order. The Sealing Order granted the request in part and directed delivery of the same to the undersigned.

We believe Plaintiffs' Letter contains "immaterial, impertinent, or scandalous matter" that should be stricken pursuant to Fed. R. Civ. P. 12(f)(1). Plaintiffs' Letter includes scurrilous accusations that "Mr. Pinnisi either did not care to read those [ECF] rules, or chose note to follow them," and that proceeding *ex parte* was necessary because the undersigned here would use advance notice of the application to further undermine the prior order of the Court: "given Mr. Pinnisi's disregard of this Court's order and the confidentiality of plaintiffs' documents, plaintiffs request that the materials be removed without notice so defendants cannot warn defendants in other cases to download the materials before they are removed." Plaintiffs' letter closed with a reference to the need to have me sanctioned, and to have my "ongoing violation of the Court Order stopped at once." The Sealing Order grants the request to seal without having heard from me or any other party, suggesting either an abundance of caution or a belief that the application had merit. My personal belief is that the former explains the Court's action, but that the appearance to an outside observer is more likely the latter.

Plaintiffs lacked cause to proceed *ex parte*, and their proffered grounds for doing so were without basis. My conduct and the conduct of my firm were at all times in scrupulous compliance with the orders of this Court and the applicable rules of procedure and ethics, and there was no use of

Hon. Louis L. Stanton — 2 — February 28, 2008

the filed Declaration to channel documents improperly to non-parties as Plaintiffs' speculated. This all was demonstrated amply, I believe, in subsequent letters to the Court and in argument presented at the January 29, 2008 motion hearing.

Even so, there has been no express finding of the Court confirming the propriety of our actions. On the contrary, the record shows only accusations of contempt of court and grounds to distrust my integrity and my ethics and a call for sanctions, followed by action of the Court consistent with the accusations. Rather than leaving the misimpression that the accusations were justified, the disparaging, inaccurate, off-merits, *ad hominem* Plaintiffs' Letter should be stricken. *See* Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C., 288 F.Supp.2d 473, 481 (S.D.N.Y. 2003) (striking averments that party was "unscrupulous" and "unprincipled" as a slur that "amounts to nothing more than name calling, and does not contribute to . . . substantive claims").

Although we cannot unring the bell, we can prevent future access to Plaintiffs' Letter through the docket and still explain the Court's action taken in response to it. This can be accomplished by sealing docket entry 52, and by entering in its place an Order that includes the decretal terms of the Sealing Order but not the vituperative accusations of the Plaintiffs' Letter. For the convenience of the Court, we have prepared the enclosed drafts for your consideration.[1]

We understand that the parties are precluded from distribution of the Plaintiffs' Letter or the Sealing Order outside of this case pursuant to the pending confidentiality order. To the extent that is not correct, we request that the parties be so ordered. Further, we ask that the parties be directed not to file those documents in the docket of this case unless under seal.

Thank you for your consideration of this submission.

Respectfully yours,

Michael D. Pinnisi

cc by fax:   Matthew Kaplan, Esq.
             Gary Adelman, Esq.
             Brian Greenfield, Esq.
             Mark J. Ingber, Esq.
             Toby Butterfield, Esq.

---

[1] As noted above, Plaintiffs consent to sealing of the Plaintiffs' Letter and Sealing Order and replacement of the same with a different order. However, in the interest of expediency, I did not circulate the enclosed draft orders for comment before delivery to the Court, and so I cannot and do not represent whether Plaintiffs object to any of the specific proposed language.